WILLIAM M. GWIN, LATE MARSHAL, AND JACOB S. YERGER AND ROBERT HUGHES, HIS SURETIES, PLAINTIFFS IN ERROR, *v.* C. T. AND A. BARTON, DEFENDANTS IN ERROR.

The decision of this court in the case of Gwin *v.* Breedlove, 2 How. 29, reviewed and confirmed, viz.: —

That under a statute of Mississippi, relating to sheriffs, a summary process against a marshal might be resorted to, in order to enforce the payment of a debt, interest, and costs, for which he was liable by reason of his default; that the courts of the United States could not enforce the payment of a penalty imposed by the State laws in addition to the money due on the execution; that a marshal and his sureties could not be proceeded against, jointly, in this summary way, but they must be sued as directed by the act of Congress.

Any excess of interest awarded over and above the legal rate is a penalty, and comes within the above rule.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Southern District of Mississippi, under the following circumstances.

At May term, 1843, viz. on the 5th of May, the following notice was filed

To William M. Gwin, late Marshal of the Southern District of the State of Mississippi, and Jacob S. Yerger and Robert Hughes, his securities in his official bond.

Please take notice that on Wednesday, the 24th day of the present month (May), I will move the Circuit Court of the United States for the Southern District of the State of Mississippi for a judgment against you for the sum of twenty-nine hundred and twenty dollars thirty-nine cents, being the amount [of] the plaintiffs' money mentioned in the writ of *venditioni exponas*, issued from said Circuit Court on the 14th day of November, 1840, in our favor, against Robert G. Crozier, Thomas J. Coffee, and R. S. Hardy, principals, and James J. King and William H. Shelton, securities, for the said sum of twenty-nine hundred and twenty dollars thirty-nine cents, and which said writ commanded the said W. M. Gwin, then marshal, to expose the property therein specified to sale, to satisfy the money aforesaid, and interest, and costs due on said execution; and which execution or writ of *venditioni exponas* came to the hands of said Gwin in due time, and upon the same said Gwin voluntarily and without authority omitted to levy the money aforesaid. I will also ask said court for a judgment for interest on the sum aforesaid, at the rate of thirty per centum per annum from the first Monday in May, 1840, till paid.

You may attend and oppose said motion, if you think proper.

Your obt. servt.

C. T. & A. BARTON,

*May 5th,* 1843.  By ROBT. HUGHES, *their attorney.*

On the 23d of May, the defendants filed a demurrer upon the following grounds, viz. : —

1. There is no law which authorizes the making of such a motion.

2. The citizenship of either plaintiffs or defendants is not set out in the motion, or any part of the record in this cause.

3. If any motion will lie at all in this court against the marshal and his sureties, it must be in the name of the United States for the use of the creditor.

4. The motion does not set out the bond or obligation of the defendants, or in what capacity, or to what extent, or upon what kind of obligation, Hughes and Yerger are Gwin's sureties.

5. The motion does not specify any breach of official duty upon the part of Gwin.

6. The motion does not show when any breach of official duty was committed by Gwin, or that the plaintiffs have been damaged thereby, nor to what extent.

7. The motion does not show or set forth a demand and refusal, upon the part of Gwin, to pay over any money collected by him for plaintiffs.

8. There are many other causes of demurrer, which will be assigned at the hearing.

The court below overruled the demurrer, and Gwin and his sureties were allowed to plead over.

Gwin and his sureties put in a plea, "for that heretofore, before the entry of this motion against them, or notice that any such motion would be entered, suits had been instituted in this honorable court in favor of the United States of America against these defendants upon the official bond of said Gwin as marshal, for breaches of the condition thereof, for sums of money collected by Gwin, as marshal, and not paid over by him, in amount larger than the penalty of the bond; which suits are still pending undetermined in said court against these defendants, and judgments upon which cases will satisfy and discharge the penalty of said bond; and to the rendition of judgment in which cases these defendants are liable."

To this plea the plaintiffs demurred, to which there was a joinder.

The court below sustained the demurrer, with leave to plead over, which the defendants declined; and on proof of the plaintiffs, it appeared, to the satisfaction of the court, that on the 14th November, 1840, a writ of *venditioni exponas* was issued *against Crozier and others*, for the sum of $2,970.39, by which the marshal was commanded to sell the property in the writ mentioned, to satisfy the debt, interest, and costs; that

Gwin et al. *v.* Barton et al.

said writ came to the hands of the marshal in due time, and upon the same he voluntarily and without authority omitted to levy the money aforesaid, and that payment of the said money, due to the plaintiffs on said execution, was by them, since the return of the said execution, demanded of Gwin; and it also appearing that Gwin gave an official bond, with Yerger and Hughes, his securities, the court therefore gave judgment against Gwin, Yerger, and Hughes, for the amount due on the execution, with interest at the rate of 30 per cent. per annum, from the 1st May, 1841, until paid, and costs of the motion.

The bill of exceptions set out the proceedings on the motion, the *venditioni exponas* bond by Gwin and his sureties; to the reading of which bond the defendants objected, which objection the court overruled, and the defendants excepted.

The plaintiffs then offered Hughes as a witness, which the defendants objected to, as he was one of the defendants in the motion, which objection the court overruled, and permitted Hughes to be introduced as a witness; to which the defendants, with the exception of Hughes, excepted.

Hughes then testified, that he was attorney of the plaintiffs; that at the return term of the *venditioni exponas* he went to the office of the marshal, and demanded the money on the same of Mr. Hunt, the office deputy of Gwin. Hunt said the money was not made; that the property mentioned in the *venditioni exponas* had been sold to William H. Shelton, who had promised to pay the money for it, but had failed to do so; and that he had not the money to pay on said *venditioni exponas*; that he did not want any motion against the marshal for said money, and wished a *fieri facias* on the judgment of the plaintiffs, for the benefit of the marshal. Hughes also proved that he had called on Gwin and told him he wanted the money; and this being all the evidence on the motion, the court gave judgment against Gwin and his sureties, as above mentioned. To all which proceedings of the court, as well as the rendition of the judgment, the defendants excepted.

The causes of error assigned by the counsel for Gwin were that the court below erred in overruling the demurrer on the part of Gwin and his sureties, in sustaining the demurrer of the plaintiffs below, in admitting the bond, in admitting Hughes as a witness, and in rendering the judgment.

The cause was argued by *Mr. Bibb*, for the plaintiff in error, and *Mr. Johnson*, for the defendant in error.

Mr. Chief Justice TANEY delivered the opinion of the court.

It appears by the record, that this was a summary proceeding, by motion in the Circuit Court of the United States for the

Southern District of Mississippi, against Gwin, late marshal of the District, and Yerger and Hughes, the sureties in his official bond, for the default of the marshal in omitting to levy the money upon a writ of *venditioni exponas.* This summary process was according to the provisions of a statute of Mississippi regulating proceedings upon executions in the courts of that State, — and which was supposed, it seems, to have been adopted by the courts of the United States, when sitting in the State. The defendants in error recovered a judgment against the marshal and his sureties jointly, in this summary way, for $2,920.30, with interest at the rate of thirty per cent. per annum from the day on which the *venditioni exponas* was returnable.

It is unnecessary at this time to state particularly the provisions of the statute of the State, or to examine how far these provisions can be enforced in a court of the United States. For the subject was fully considered in the case of Gwin *v.* Breedlove, 2 How. 29, and the decision in that case is conclusive upon the case before us.

In the case referred to, the court held, that, so far as the statute of Mississippi authorized a summary process against the marshal himself to enforce the payment of the debt, interest, and costs, for which he was liable by reason of his default, it was adopted by the act of Congress of 1828. But that the courts of the United States could not enforce the payment of a penalty imposed by the State law, in addition to the money due on the execution. And in the same case, the court further held, that such summary proceedings against the sureties of a marshal would be repugnant to the act of Congress of April 10th, 1806 ; and that if the plaintiff in the execution sought to charge the sureties for the default of the marshal, he must proceed regularly by action, and obtain his judgment in the manner and form pointed out by that law.

The judgment against the marshal and his sureties is, therefore, clearly erroneous. And if the proceeding had been against the marshal alone, it could not have been sustained for the excess of interest awarded over and above the legal rate. For this excess is evidently imposed as a penalty for the default.

The judgment must therefore be reversed.

### *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and that

this cause be and the same is hereby remanded to the said Circuit Court, to be proceeded in according to law and justice, and in conformity to the opinion of this court.