GRINNELL, State's Atty., etc., *ex rel.* CHICAGO HOSPITAL FOR WOMEN AND CHILDREN *v.* JOHNSON and others.[1]

(*Circuit Court, N. D. Illinois.* July 6, 1886.)

1. REMOVAL OF CAUSE FROM STATE COURT—SUIT BY STATE IS NOT REMOVABLE.
   A chancery suit, instituted in a state court by the state's attorney, in the name of the people of the state, for the purpose of preserving a fund alleged to be held in trust for a charitable use, and for the purpose of having a beneficiary designated to receive such fund, is a suit by the state in its own court, and hence is not removable, under any existing law, from a state court to a federal court.

[1] Edited by Russell H. Curtis, Esq., of the Chicago bar.

2. SAME—ALL ON A SIDE MUST BE ENTITLED TO REMOVAL.

    A suit in a state court against citizens of another state, and a citizen of the state in which the suit is instituted, where the latter is a necessary party, is not removable to a federal court by the citizens of the sister state.

Motion to Remand to State Court.

*Rosenthal & Pence*, for complainant.

*Williams & Thompson*, for defendants.

BLODGETT, J. This case is now before the court on a motion to remand it to the circuit court of Cook county, from whence it was removed by two of the defendants. The suit is a proceeding by an information filed upon the chancery side of the court by the state's attorney of Cook county, in the name of the people of the state of Illinois, charging that Julia Rose Newberry, late of the city of Chicago, died testate in April, 1876, seized of real and personal property worth $117,000 or over, and without issue, or descendants of issue; and that by her last will and testament said Julia Rose devised all her property, both real and personal, to her mother, Julia Butler Newberry, upon the express condition that, by a will to be made before receiving such bequest, the mother should bequeath all of said estate which should remain undisposed of or unspent at the time of the mother's death to such charitable institution for women in the city of Chicago as she, the mother, should select; that the estate of said Julia Rose came into the hands of her mother, and that in December last the mother died; that at the time of the death of the mother the whole of the estate so received from said Julia Rose remained undisposed of and unspent; but that the mother never made a will directing what charitable institution for women in the city of Chicago should receive the estate of said Julia so remaining in her hands. It is further charged that, by the will of Julia Rose, her estate so remaining undisposed of at the time of the mother's death was a trust fund dedicated to some charity for women in the city of Chicago; and praying that the court, by virtue of its supervising control over all trusts and charities, take possession of such funds, and direct what charity for women in the city of Chicago shall receive the same. It further appears that Mrs. Julia Butler Newberry died testate, and by her will bequeathed all her real and personal estate to her brothers, Nicholas Clapp and James Clapp, who are made defendants in the case, and that the defendant, Enos Johnson, as the agent of Mrs. Julia Butler Newberry, had, at the time the information was filed, the possession of the personal estate, amounting to over $100,000, which the mother had received from the estate of Julia Rose.

Nicholas and James Clapp appeared in the state court, and answered, setting up their claim to the property in question under the will of Mrs. Julia Butler Newberry; and filed their petition for removal to this court on the ground that they are both citizens of the

state of New York, and that the controversy as to the right to the estate in question is wholly between themselves and those who claim it in behalf of some charity in the city of Chicago; and the record was brought to this court, where it was filed, with leave to the relator to move to remand.

The motion to remand is urged on two grounds: (1) That this is a suit by the state of Illinois, and therefore not removable, under the statute; (2) that Enos Johnson, one of the defendants, who had possession at the commencement of the suit of the personal property belonging to the fund in question, is a citizen of the state of Illinois, and is a necessary and indispensable party to the suit.

The frame and scope of this information or bill in equity seems to me to be an assertion of the right of the sovereignty of the state to interpose for the protection of this alleged charitable fund. It is, in effect, a suit by the state for a public purpose; that is, for the recovery and protection of a fund which it is claimed has been dedicated to a charitable use within its jurisdiction. The fund, if recovered, may not belong to the state as a corporate entity, and the state may have no control or disposing power over it, but, for lack of any person who can or will take steps in the premises, the state, by its proper officer, comes into court, and asks that this fund be protected. I do not say that a case is made under which the court can give the relief prayed for, as the merits of the case cannot be considered on this motion; but the theory of the suit is that an officer of the state has the right to institute this proceeding in the name of the state, for the benefit of whom it may concern, and that it is properly a suit by the state.

This is not a case where the state allows a person to use its prerogative writ for the purpose of enforcing the performance of a duty by a public officer, or protecting a private right, as in proceedings by writs of *mandamus* or *habeas corpus*, but the state comes into court by its authorized officer, to ask that this fund be protected and properly applied; and as such, it seems to me, it must be considered a suit by the state, brought in one of its own courts, and not within the provisions of any of the laws for the removal of cases from the state to the federal courts. *Stone* v. *South Carolina*, 117 U. S. 430; S. C. 6 Sup. Ct. Rep. 799.

But, if I am wrong on this point, it seems to me that the second point is well taken. The information charges that defendant Enos Johnson has possession of the personal property belonging to the fund in question, and this allegation is admitted by the answer of Johnson on file in the case. If the relator is entitled to a decree in this case, it is because the will of Julia Rose Newberry impressed upon so much of her estate as remained in the hands of her mother at the time of the mother's death the character of a trust fund for a charitable use, to which a court of equity can give direction in default of directions by Mrs. Newberry, and the person in possession of this fund became

at once, upon the death of Mrs. Newberry, a holder of the fund for the purposes of the trust. He was therefore a necessary party to the suit, as the fund could only be reached through him. If it became and is a trust fund under the will of Miss Newberry, Johnson held it for the benefit and use of whoever shall be adjudged entitled to it, and had no right to recognize any power in Mrs. Julia Butler Newberry to dispose of it as part of her general estate. It was through service upon Johnson that the court reached the fund, to act upon and dispose of it, if the bill shall be sustained. I am therefore of opinion that the case is not a proper one for removal, and should be remanded to the state court.