FERGUSON, Shore Inspector, *v.* Ross *et al.*, (two cases.)

*(Circuit Court, E. D. New York.* March 20, 1889.)

1. REMOVAL OF CAUSES—ACTION BY STATE.

An action brought under Laws N. Y. 1875, c. 604, as amended by Laws 1885, in the name of the "shore inspector," to recover the penalty imposed by that act for depositing prohibited materials in the waters of the bay and harbor of New York, which penalty, when recovered, goes into the state treasury, is in effect an action by the state, and therefore not removable on the ground of citizenship, under act Cong. March 3, 1887.

2. SAME—PENAL ACTION.

The action cannot be removed for the further reason that it is in its nature penal, to enforce a police regulation, and not a suit "of a civil nature, at law, or in equity."

3. SAME—MOTION TO DISMISS BY PARTY REMOVING.

The fact that removal into the federal court was had upon the application of the defendant is immaterial on his motion to dismiss, if the controversy is one of which the court has no jurisdiction.

At Law. Motion to dismiss.

This is an action brought by the plaintiff, Cornelius Ferguson, in his official capacity as shore inspector, under the laws of the state of New York, to recover penalties from the defendants, P. S. Ross and Joseph B. Sandford, for depositing prohibited materials in the waters of the bay and harbor of New York. Plaintiff is a citizen and resident of New York, (Eastern district;) defendants are citizens and residents of New Jersey. The actions were begun in the state supreme court, and removed here by the defendants, under the act of March 3, 1887. Upon the trial, defendants moved for a dismissal on the ground that the court had no jurisdiction of the subject-matter of the actions. The motion was denied, with leave to renew after verdict, when the questions raised could receive more careful consideration. Verdicts were found for the plaintiff in both cases, and upon motions for a new trial the question of jurisdiction is again presented. The act of which it is claimed the defendants were guilty in each particular case was the dumping of dredging material in the bay and harbor of New York. The statute under which these actions were prosecuted is chapter 604 of the Laws of 1875 of the state of New York, as amended by chapter 414 of the Laws of 1885. This act makes it unlawful to deposit such materials within certain specified limits, including the bay and harbor of New York; and provides that any person offending against the provisions of the act shall be guilty of a misdemeanor, and shall, upon conviction, be punished by the infliction of a fine of not less than $100 nor more than $500, or by imprisonment as in case of misdemeanors, or both, in the discretion of the court. Out of any moneys received from fines under the act such sum or sums shall be allowed and paid for the expenses and disbursements attending the arrest as the court or magistrate may deem reasonable and proper. The act next provides for the appointment of a "shore inspector" of the counties named, to hold office for three years, and to serve until his successor shall be appointed. He is given an annual salary of $2,000, (in lieu of all other compensation,) which, with the sala-

v.38F.no.3—11

ries of his subordinates, is made a county charge. It is made his duty to investigate and report any and every violation of the provisions of the act, and he is given power to arrest offenders. To carry out the objects of the act the sum of $15,000 is appropriated for expenses. It is made a county tax, and, when raised, is paid over to the state comptroller. By the eighth section of the act (the particular one under which these actions were prosecuted) it is made unlawful to permit any dredgings and materials taken from any slip, basin, or shoal in the port of New York to be deposited or placed elsewhere than beyond certain prescribed limits. For each and every violation of the provisions of this act all persons so offending are made jointly and severally liable to pay a penalty of $1,000, together with costs, for each and every such offense. Such penalty is to be recovered by and in the name of the said inspector, in a civil action, in any court of competent jurisdiction in the state. The inspector is given power in his discretion, with the consent of the court, to remit all or any part of the penalties thus incurred; and it is further provided that all moneys recovered by civil action, after deducting costs, counsel fees, etc., shall be paid into the treasury of the state. The penalties, and the mode of recovering the same, shall, it is further provided, be deemed to be substituted for all others theretofore provided by law for the same or like offense. The object of the act, as declared in the title, is to protect the shores and bay of New York, and the seaside resorts near the same.

*Joseph G. Jackson*, for defendants.

*James S. Church*, for plaintiff.

LACOMBE, J., (*after stating the facts as above.*) The fact that removal into this court was had upon the application of the defendant is immaterial, if the controversy is one of which the circuit court has no jurisdiction. *Lazensky* v. *Knights of Honor*, 32 Fed. Rep. 417. There is no pretense that the matter in dispute arises under the constitution or laws of the United States. It is only as "a controversy between citizens of different states" that the plaintiff insists that this court has power to dispose of it, and on that theory he seeks to sustain the removal. There is no statute which authorizes the removal of a suit between a state and citizens of another state on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state. *State of Alabama* v. *Wolffe*, 18 Fed. Rep. 836; *Stone* v. *South Carolina*, 117 U. S. 430, 6 Sup. Ct. Rep. 799. The nominal plaintiff here is an individual, but he sues only in his official character. The suit is brought to enforce a police regulation of the state. He has no personal interest in its subject-matter,—not even for his fees or commission, for he is a salaried officer, whose compensation is secured irrespective of the result of the suits he may bring. In the event of his removal from office the suit would be continued by his successor, not by himself. Courts will look behind and through the nominal parties on the record to ascertain who are the real parties to the suit, and will determine whether a state is the real party to an action brought by or against its officer by a consideration of

the nature of the case as presented by the whole record. *Governor of Georgia* v. *Madrazo*, 1 Pet. 110; *In re Ayers*, 123 U. S. 443, 8 Sup. Ct. Rep. 164; *New York* v. *Louisiana*, 108 U. S. 76, 2 Sup. Ct. Rep. 176; *Hagood* v. *Southern*, 117 U. S. 52, 6 Sup. Ct. Rep. 608; *Louisiana* v. *Jumel*, 107 U. S. 711, 2 Sup. Ct. Rep. 128; *Browne* v. *Strode*, 5 Cranch. 303; *State of Maryland* v. *Baldwin*, 112 U. S. 490, 5 Sup. Ct. Rep. 278; *McNutt* v. *Bland*, 2 How. 15. The real party prosecuting these suits is the state of New York, and they are therefore not removable under the act of 1887. Moreover, the cases provided for by the statute conferring jurisdiction upon the circuit courts are suits "of a civil nature, at law or in equity." The cases at bar are brought to enforce penalties imposed by state law to be paid to the state treasury, and are of a penal, not a civil, nature. As such they cannot be sustained in the courts of the United States. *Gwin* v. *Barton*, 6 How. 7; *State of New Hampshire* v. *Railway*, 3 Fed. Rep. 887. They are undistinguishable in principle from *Wisconsin* v. *Insurance Co.*, 127 U. S. 265, 8 Sup. Ct. Rep. 1370. By the laws of the state of Wisconsin, the officers of fire insurance companies doing business in the state were required to file certain reports, and to forfeit $500 for failure so to do. It was made the duty of the commissioner of insurance to prosecute actions to recover such penalty in the name of the state,—one-half of the recovery going to the state treasury, the remainder to the insurance commissioner, who bore the expenses of the suit. He was also given power to compromise actions. The supreme court held (*supra*) that the law was penal, and that a suit to enforce could not be maintained in the federal courts. In the language of Mr. Justice GRAY, delivering the opinion:

"The rule that the courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the state for the recovery of pecuniary penalties for any violation of statutes for the protection of its revenue, or other municipal laws, and to all judgments for such penalties. * * * The statute of Wisconsin under which the state recovered in one of her own courts the judgment now and here sued on was in the strictest sense a penal statute, imposing a penalty upon any insurance company of another state doing business in the state of Wisconsin without having deposited with the proper officer of the state a full statement of its property and business during the previous year. The cause of action was not any private injury, but solely the offense committed against the state by violating her law. The prosecution was in the name of the state, and the whole penalty, when recovered, would accrue to the state, and be paid, one-half into her treasury, and the other half to her insurance commissioner, who pays all expenses of prosecuting for and collecting such forfeitures. The real nature of the case is not affected by the law of the state for the punishment of the offense. It is immaterial whether by the law of Wisconsin the prosecution must be by indictment or by action, or whether under that law a judgment might be enforced by execution, by *scire facias*, or by a new suit. In whatever form the state pursues her right to punish the offense against her sovereignty, every step of the proceeding tends to one end,—the compelling the offender to pay a pecuniary fine by way of punishment for the offense."

The motion to dismiss both actions must therefore be granted, but, as defendant moved them into this court, without costs.