UNITED STATES *v.* MEXICAN NAT. RY. Co., (six cases.) SAME *v.* VILLE-
GAS, (three cases.) SAME *v.* FOWZER. SAME *v.* SANCHEZ, (five cases.)

(*Circuit Court, W. D. Texas.* December 10, 1889.)

STATUTES—REPEAL—JURISDICTION OF CIRCUIT COURTS—SUITS TO RECOVER PENALTIES.
    Act Cong. Feb. 26, 1885, (23 St. 333,) prohibiting the importation of contract la-
bor, provides in section 3 that every person violating its provisions shall forfeit
for each offense the sum of $1,000, which may be sued for and recovered as debts
of like amount are now recovered in the circuit courts of the United States, and
that it shall be the duty of the district attorney of the proper district to prosecute
every such suit at the expense of the United States. *Held,* that, as the suit to re-
cover such penalty is of a criminal nature, this provision is not repealed by the
act of August 13, 1888, (25 St. 434,) providing in section 1 that "the circuit courts
of the United States shall have original cognizance * * * of all suits of a civil
nature, at common law or in equity, where the matter in dispute exceeds, exclusive
of interest and costs, the sum or value of $2,000," etc.

At Law. Action to recover penalty.
*Andrew J. Evans,* Dist. Atty., for plaintiff.
*Dodd & Nicholson,* for defendant.

MAXEY, J. This suit was instituted by the government against the
defendant to recover a penalty of $1,000 for the unlawful introduction
or importation into the United States of a foreign laborer from the re-
public of Mexico, in violation of the act of February 26, 1885, enti-
tled "An act to prohibit the importation and migration of foreigners and
aliens under contract or agreement to perform labor in the United States,
its territories, and the District of Columbia." The defendant demurs
to the jurisdiction of the court, on the ground that the amount in con-
troversy is less than $2,000. The provisions of the act under which
jurisdiction is claimed by the district attorney are as follows:

"Sec. 3. That for every violation of any of the provisions of section one of
this act the person, partnership, company, or corporation violating the same
* * * shall forfeit and pay for every such offense the sum of one thou-
sand dollars, which may be sued for and recovered by the United States, or
by any person who shall first bring his action therefor, including any such
alien or foreigner who may be a party to any such contract or agreement, as
debts of like amount are now recovered in the circuit courts of the United
States; the proceeds to be paid into the treasury of the United States; and
separate suits may be brought for each alien or foreigner being a party to such
contract or agreement aforesaid. And it shall be the duty of the district at-
torney of the proper district to prosecute every such suit at the expense of
the United States." 23 St. at Large, 333.

Several amendments have been made to this statute, but the only one
deemed essential in this connection to consider authorizes "the secretary
of the treasury to pay to an informer who furnishes original information
that the law has been violated such a share of the penalties recovered as
he may deem reasonable and just, not exceeding fifty per centum, where
it appears that the recovery was had in consequence of the information
thus furnished." Act Oct. 19, 1888, (25 St. at Large, 567.)

Prior to the passage of the act of August 13, 1888, the circuit courts
v.40F.no.14—49

entertained jurisdiction of suits authorized to be brought by the act of February 26, 1885, (*U. S.* v. *Craig*, 28 Fed. Rep. 795 *et seq.; U. S.* v. *Rector*, 36 Fed. Rep. 303 *et seq.;*) and this doubtless for the reason that jurisdiction over suits to recover the penalty and forfeiture prescribed by the latter act was thought to be conferred by the terms of the act itself upon those courts.    Otherwise it appears reasonably clear that the circuit courts would have been without jurisdiction to determine the particular cases.    *U. S.* v. *Mooney*, 116 U. S. 104, 6 Sup. Ct. Rep. 304.

It was the intention of congress, as plainly manifested by the third section of the act of February 26, 1885, to invest the circuit courts with jurisdiction of suits to recover the penalties and forfeitures denounced against offenders for a violation of the provisions of the act. That view of the law is not seriously denied by the defendant, but it is insisted by its counsel that the jurisdiction thus conferred upon the circuit courts was withdrawn and repealed by the act of August 13, 1888. No reference is made in the repealing clause of the last-named act to the act of February 26, 1885.    Section 5 expressly continues in force certain laws specially named, not referring to the act under discussion. Section 6 repeals the last paragraph of section 5 of the act of March 3, 1875, section 640 of the Revised Statutes, "and all laws and parts of laws in conflict with the provisions of this act."    25 St. at Large, 436, 437.    Referring to the effect of similar words employed in the repealing clause of the act of March 3, 1875, the supreme court says:

"This implies very strongly that there may be acts on the same subject which are not thereby repealed.    The usual formula of a repealing clause intended to be universal is that all acts on this subject, or all acts coming within its purview, are repealed, or the acts intended to be repealed are named or specifically referred to.    In this case the effect of the statute as a repeal by implication, arising from inconsistency of provisions, or from the supposed intention of the legislature to substitute one new statute for all prior legislation on the subject, is not left to its usual operations, but the statute to be repealed must be in conflict with the act under consideration, or that effect does not follow."    *Hess* v. *Reynolds*, 113 U. S. 79, 80, 5 Sup. Ct. Rep. 377.

The contention of the defendant here is that there is an inconsistency, a conflict, between the acts of August 13, 1888, and February 26, 1885, and reliance is placed upon the first section of the former act to show such conflict.    So much of the first section of the act of August 13, 1888, as it is deemed essential to notice, is as follows:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners."    25 St. at Large, 434.

Jurisdiction is conferred upon the circuit courts, in the words of the act, "of all suits of a civil nature, at common law or in equity;" and the defendant assumes that those courts, by the language used, are invested with jurisdiction of suits to recover penalties and forfeitures, because, it

is urged, that suits of the description last named are suits of a civil nature. The argument is plausible, but it seems to be unsupported by the authorities.

It is useless to enter upon a critical analysis of the act of February 26, 1885, to demonstrate that the suits thereby authorized are not suits of a civil nature. Suffice it to say that the statute denounces the prohibited act of importation, etc., as an offense; the penalty attached to its commission is the forfeiture of $1,000; and the proceeds are paid into the treasury, less such share of the penalties, under the amendment of October 19, 1888, as the secretary of the treasury may in his discretion pay the informer. It is apparent that the forfeiture does not arise from any contractual relation between the government and the offender. It does not accrue from the violation of a private right, but grows out of the commission of an offense against the public. That the mere form of the action is civil is regarded as immaterial, as the courts look beyond that to inquire into the nature of the suit. A reference to the authorities will be sufficient to show that the suit at bar is of a penal, not civil, nature, and the decisions appear to leave no doubt upon the point.

Thus it is said by the supreme court, construing a state statute, in a case affecting its original jurisdiction:

"The statute of Wisconsin, under which the state recovered in one of her own courts the judgment now here sued on, was in the strictest sense a penal statute, imposing a penalty upon any insurance company of another state doing business in the state of Wisconsin without having deposited with the proper officer of the state a full statement of its property and business during the previous year. * * * The cause of action was not any private injury, but solely the offense committed against the state by violating her law. The prosecution was in the name of the state, and the whole penalty, when recovered, would accrue to the state, and be paid, one-half into her treasury, and the other half to her insurance commissioner, who pays all expenses of prosecuting for and collecting such forfeitures. * * * The real nature of the case is not affected by the forms provided by the law of the state for the punishment of the offense. It is immaterial whether by the law of Wisconsin the prosecution must be by indictment or by action, or whether under that law a judgment there obtained for the penalty might be enforced by execution, by *scire facias,* or by a new suit. In whatever form the state pursues her right to punish the offense against her sovereignty, every step of the proceeding tends to one end,—the compelling the offender to pay a pecuniary fine by way of punishment for the offense." *Wisconsin* v. *Insurance Co.,* 127 U. S. 299, 8 Sup. Ct. Rep. 1370.

The Wisconsin suit was in the form of an action of debt.

The question is thoroughly considered in an elaborate and interesting opinion rendered by Judge BREWER in *State* v. *Railroad Co.,* 37 Fed. Rep. 497–504; and also by Judge LACOMBE in the case of *Ferguson* v. *Ross,* 38 Fed. Rep. 161–163, to which reference is made.

There is a striking similarity between this suit and *U. S.* v. *Mooney, supra.* There the government brought suit in the circuit court to recover of the defendant $20,000, the value of certain merchandise imported by him, which it was alleged he had forfeited to the United States. The

defendant moved to dismiss the suit for the want of jurisdiction. His contention was that, by the ninth section of the judiciary act of 1789, the district courts were given exclusive original cognizance of all suits for penalties and forfeitures incurred under the laws of the United States. It was conceded by counsel for the government that the exclusive jurisdiction of all suits for penalties and forfeitures under the customs laws of the United States continued in the district courts until the passage of the act of March 3, 1875; but it was claimed that the first section of that act gave the circuit courts concurrent jurisdiction of such suits, upon the ground that suits for penalties and forfeitures were included in the general language of the section,—"all suits of a civil nature, at common law or in equity." The court held, speaking through Mr. Justice Woods, that the jurisdiction of the district courts was exclusive, and, discussing the question, said:

"It was never held that the words, 'all suits of a civil nature, at common law or in equity,' used in section 11, included suits for penalties and forfeitures, of which the district courts had been given exclusive jurisdiction by section 9. How, then, can the substantial re-enactment of section 11 by the act of March 3, 1875, with modifications immaterial, as far as the question in hand is concerned, have an effect which the original section did not?" 116 U. S. 106, 6 Sup. Ct. Rep. 305.

It is worthy of note that, under the Revised Statutes, "the district courts shall have jurisdiction as follows: * * * *Third*, of all suits for penalties and forfeitures incurred under any law of the United States." Rev. St. § 563. The word "exclusive" does not appear in the revision. The effect of its omission is not discussed by the supreme court, nor is its consideration in this case deemed important.

If the language of the first section of the act of March 3, 1875, did not include suits for penalties and forfeitures, of which the district courts had jurisdiction under the act of 1789, no greater force or effect can be given the same language employed in the first section of the act of August 13, 1888, and it necessarily follows that the words used in the last-named act do not include suits for penalties and forfeitures, of which the circuit courts are given express jurisdiction by the act of February 26, 1885. The latter act, therefore, cannot be in conflict with the first section of the act of August 13, 1888, where the grant of jurisdiction embraces "all suits of a civil nature, at common law or in equity." Again, it is familiar law that repeals by implication are not favored, and where there are two statutes upon the same subject the rule is to give effect to both, if it can be done by any reasonable construction. Says the supreme court:

"If, by any reasonable construction, the two statutes can stand together, they must so stand. If harmony is impossible, and only in that event, the former law is repealed in part or wholly, as the case may be." *State* v. *Stoll*, 17 Wall. 431; *U. S.* v. *Tynen*, 11 Wall. 92; *Venable* v. *Richards*, 105 U. S. 638.

Discussing the question of the repeal of one jurisdictional statute by another, Judge McCrary uses this language in reference to the act of March 3, 1875:

"But it is very clear that the act of 1875 has no such sweeping effect as that claimed for it by counsel. It is a general statute on the subject of the jurisdiction of the circuit courts, and it does not repeal prior statutes conferring jurisdiction upon those courts in special cases, or over particular controversies, unless it is clear from the language employed that such was the intent of congress. There is no express repeal of section 629 of the Revised Statutes. The law does not favor a repeal by implication, and, in order to support such a repeal, the repugnance between the later and earlier statutes must be quite plain. If the subsequent act can be reconciled with the former, it will not be held to repeal it. * * * To give to the act of 1875 the construction contended for, and to hold that there is no other statute under which the circuit courts of the United States can in any case have jurisdiction, would lead to consequences disastrous in their effects, and which congress could not have had in contemplation. An examination of prior statutes will show numerous provisions under which suits may be brought in particular cases in the circuit courts of the United States, and some, at least, of which could not be maintained under the act of 1875." *Bank* v. *Harrison*, 8 Fed. Rep. 722.

To same effect see opinion by Mr. Justice GRAY in *Price* v. *Abbott*, 17 Fed. Rep. 508.

It may be said of the defendant's position here, touching the effect of the act of August 13, 1888, as was said by the court in *Mooney's Case:*

"To sustain the contention of the plaintiffs, we must hold that the purpose of section 1 of the act of March 3, 1875, was to repeal by implication and supersede all the laws conferring jurisdiction on the circuit courts, and of itself to cover and regulate the whole subject. But this construction would lead to consequences which it is clear congress did not contemplate. * * * If that act is intended to supersede previous acts conferring jurisdiction on the circuit courts, then those courts are left without jurisdiction in any of the cases above specified, where the amount in controversy does not exceed the sum of $500; and in several classes of cases, for instance, suits arising under the patent or copyright laws, neither the circuit nor district court of the United States would have jurisdiction when the amount in controversy is less than $500. But by Rev. St. § 711, par. 5, the jurisdiction of the state courts in cases arising under the patent and copyright laws is excluded. Therefore, when the matter in dispute in a case arising under these laws is less than $500, if we yield to the contention of plaintiffs, it would follow that no court whatever had jurisdiction. A construction which involves such results was clearly not contemplated by congress. The act of 1875, it is clear, was not intended to interfere with the prior statutes conferring jurisdiction upon the circuit or district courts in special cases, and over particular subjects. * * * Thus construed, there is no conflict between section 1 of the act of March 3, 1875, and section 9 of the act of 1789, which conferred exclusive jurisdiction on the district courts of suits for penalties and forfeitures incurred under the laws of the United States. The latter section, therefore, except as modified by statutes conferring jurisdiction upon the circuit courts in special cases, still remains in force." 116 U. S. 106–108, 6 Sup. Ct. Rep. 305, 306.

The *Case of Mooney* is not distinguishable in principle from this suit, and if the act of March 3, 1875, as held by Mr. Justice WOODS, did not repeal section 9 of the act of 1789, because there was no conflict between them, for a similar reason it must be held that the act of February 26, 1885, is not repealed by the act of August 13, 1888. There is no repugnance nor inconsistency between the two acts. They relate to suits of a different character,—the one to suits of a civil nature; the other to suits

of a penal or criminal nature. The act of 1885 confers jurisdiction on the circuit courts in special cases, and over particular subjects; that of August 13, 1888, is general in its character. Effect may be given to both, and both may stand without violating any rule of statutory construction. The act of August 13, 1888, therefore, does not repeal the former law, and jurisdiction of the circuit courts remains as conferred by the act of February 26, 1885. It follows that the demurrer to the jurisdiction must be overruled, and it is so ordered.