## STATE OF TEXAS *v.* DAY LAND & CATTLE CO.

*(Circuit Court, W. D. Texas.* February 5, 1890.)

REMOVAL OF CAUSES—FEDERAL QUESTION—GRAZING PUBLIC LANDS—CRIMINAL PROSECUTION.

> Gen. Laws Tex. 1884, c. 33, § 6, provides that it shall be unlawful for any person, firm, or corporation to herd or graze cattle on any vacant public or school lands, unless leased from proper authority. Section 7 provides that the violation of the preceding section shall constitute a misdemeanor, and shall be punished by a fixed fine. Section 8 further provides that the owner of any cattle so herded or grazed shall be liable in a certain sum, to be recovered in a civil action, without affecting the criminal proceedings provided in the foregoing sections. In an action by the state against defendant, it was alleged in the petition that defendant unlawfully and knowingly fenced in a certain tract of the public and school lands of the state, and unlawfully used the same for grazing and herding purposes, without any lease; that by reason of this unlawful inclosure of land, and unlawful herding and grazing on said land, defendant was liable to plaintiff in the amount fixed by the statute, as penalty. *Held* that, according to the allegations of the petition, the action was essentially a criminal action, under section 7 of the act, and, as such, was not subject to removal to the circuit court.

On motion to remand.

*J. H. Robertson*, Dist. Atty., and *J. S. Hogg*, Atty. Gen., for plaintiff. *West & McGown* and *Mr. Fisher*, for defendant.

PARDEE, J. The state of Texas, by its attorney general and district attorney, instituted a suit in the district court of Travis county, Tex., of which the following are the substantial allegations of the petition:

"That heretofore, to-wit, on or about the first day of September, 1885, the defendant unlawfully and knowingly made, constructed, and built a certain wire fence, consisting of posts at convenient intervals, with barbed wire stretched around said posts, upon and inclosing 203,000 acres, more or less, of the public domain of the state of Texas, situated in Greer county, Texas;

which said land so inclosed is represented upon the plat or sketch thereof hereto attached, and marked ' Exhibit A,' and hereby made a part hereof. The said defendant, at the time named, constructed its said fence upon and around three sides of the land shown by said plat, and inclosed the other or fourth side of said land by line riding, until about February, A. D. 1886, at which time defendant constructed the fourth side of said fence, and completely inclosed the said land with said wire fence, and from said date up to the present time has had and held said fence around said land, and has and held, and still so unlawfully holds, the possession of the said land, as aforesaid. That the said land embraced in the said inclosure of the defendant, as aforesaid, and represented upon the plat hereto attached, as aforesaid, was and is a part of the public domain belonging to the plaintiff, one-half of which has been by law dedicated to the public free schools, and the other half thereof to the payment of the public debt of the plaintiff; but that same has never been surveyed into sections, or otherwise, or divided up in any manner. That the defendant did so construct, and has so maintained, its said fence around and upon the land, as aforesaid, without having obtained a duly-executed lease of such land from the proper authority, duly recorded in the county where said land lies, or in Wheeler county, the county to which Greer county has been attached for judicial purposes, at the date of the construction of said fence. That without any lease upon said land, as aforesaid, the defendant has unlawfully herded and detained for grazing purposes, by said fences, and by line riding and herding, large numbers of cattle, to-wit, about twenty thousand head of cattle, and large numbers of horses, to-wit, about one thousand head of horses, on said land embraced within the said fence, and shown upon said plat, from the 1st day of September, 1885, down to the present time; and it so continues and now does unlawfully herd and detain upon said land for grazing purposes said horses and cattle, as aforesaid, not holding said cattle upon said land in gathering the same for or conveying to and from market, or in moving the same from one section of country to another, but holding and herding the same there permanently for grazing purposes, as aforesaid. That by reason of the aforesaid unlawful inclosure of the said land by the defendant, and by reason of the aforesaid unlawful loose herding and detaining said cattle and horses upon said land for grazing purposes, by said fence, and by line riding, as aforesaid, the defendant is liable and bound to pay to the plaintiff the sum of one hundred dollars for each of said three years past on each six hundred and forty acres of land embraced in said two hundred and three thousand acres so inclosed and grazed upon, as aforesaid, which makes in the aggregate 318 tracts of land, upon which one hundred dollars per year is due, or the full sum of thirty-one thousand eight hundred dollars per year, and for the said three years from September 1, 1885, down to September 1, 1888, there is due from defendant to plaintiff the full sum of ninety-five thousand four hundred dollars, with interest thereon according to law."

The defendant filed a petition and bond in the said district court for the removal of said cause to this court, on the ground that the cause was one arising under the laws and treaties of the United States, because the lands upon which the alleged trespass was committed were lands that did not belong to the state of Texas, but did belong to the United States, and were not within the limits and under the control of the state of Texas, but were in Greer county, a part of the Indian Territory, and that, on the said lands, the defendant was a tenant at will of the United States. The record having been filed in this court, a motion to remand has been made upon several grounds, only one of which it is necessary to consider, to-wit, whether the suit is such a suit of a civil nature as is

embraced within the removal acts of congress. The petition refers to no particular statute of the state, but it is claimed to be, and evidently is, brought to recover the penalties provided for by chapter 33, Gen. Laws Tex. 1884, of which the following are the sixth, seventh, and eighth sections:

"Sec. 6. It shall be unlawful for any person, firm, or corporation to herd, or aid in herding, or cause to be herded, loose herded, or detained for grazing by line riding, any cattle, horses, mules, asses, sheep, or goats on any vacant public domain, school, university, or asylum lands within this state, unless the same shall have been leased from the proper authority: provided, that this section of this act shall not apply to persons herding such stock, in gathering for or carrying to and from market, or in moving the same from one section of the country to another. Sec. 7. Any person who shall knowingly violate any of the provisions in section 6 of this act shall be guilty of a misdemeanor, and, upon conviction, shall be fined one hundred dollars for each year, or part of a year, for each section, or part of a section, (meaning six hundred and forty acres of land, or less, whether surveyed in sections or not,) which shall be used contrary to the provisions of this act. Sec. 8. The owner of the cattle, horses, or sheep shall be liable to the state in the sum of one hundred dollars for each year, or part of a year, for each six hundred and forty acres of land, or tract of less size, that may be used contrary to the provisions of this act, which may be recovered in a civil action, without affecting the criminal prosecutions prescribed herein."

On the hearing of the motion to remand, it seemed that the suit was one brought under the eighth section of said act, and was by the law and in fact a suit of a civil nature, to-wit, a suit for trespass, in which the damages were liquidated by the statute. Comparison of the petition and the said statute, however, shows that the suit is not brought under the eighth section of said act, but is brought to recover the penalties declared in the seventh section as attaching for the violation of the sixth section, for which the statute provides a criminal prosecution, but no civil action. Also, at the hearing, it was assumed that the sixth and seventh sections of said act of 1884 were in force; but an examination of the statutes show that the said sixth and seventh sections are probably repealed by chapter 99 of the Acts of 1887, (see Gen. Laws Tex.; Acts 1887, p. 83,) as section 18 of the said act fixes different penalties for the same violations of law. The test whether a suit at law or in equity is a suit of a civil nature, or of a criminal nature, is the nature of the right asserted and at issue. *Ames* v. *Kansas*, 111 U. S. 460, 4 Sup. Ct. Rep. 437. See, also, *Boyd* v. *U. S.*, 116 U. S. 616, 6 Sup. Ct. Rep. 524; *Coffey* v. *U. S.*, 116 U. S. 436, 6 Sup. Ct. Rep. 437. It is not the form, but the nature, of the action that determines the question of removal. See *State* v. *Railroad Co.*, 37 Fed. Rep. 497, where Judge Brewer in an exhaustive opinion goes over the whole subject, holding that a suit brought to recover a penalty for violation of a law, even when the remedy provided by the statute was a civil action, was not a suit of a civil nature. Section 6 of the act of 1884 declares the acts sued for herein to be unlawful; and section 7 of the same act provides that "any person who shall knowingly violate any of the provisions in section 6 of this act shall be guilty of a misdemeanor, and, upon conviction, fined

one hundred dollars," etc.   As the suit is brought to enforce these sections, the action is clearly one to enforce a criminal law of the state. The nature of the right asserted is necessarily criminal, and not civil. That the criminal law sought to be enforced may be repealed, so that no recovery at all can be had, does not change the nature of the suit.   The motion to remand will be sustained.