STATE OF INDIANA, to Use of DELAWARE COUNTY, v. ALLEGHANY OIL CO. et al.

(Circuit Court, D. Indiana. March 24, 1898.)

No. 9,371.

1. REMOVAL OF CAUSES—STATE A PARTY.
      When a state brings a suit in a court of its own creation against a citizen of another state, no removal can be had into a circuit court of the United States on the ground of the diverse citizenship of the parties.
2. JURISDICTION—FEDERAL QUESTION—HOW MUST APPEAR.
      Where the jurisdiction of courts of the United States depends on the existence of a federal question, it must affirmatively appear from the allegations

in the declaration or bill, and cannot be established by any statement in a petition for removal, answer, or demurrer.

3. ACTION TO RECOVER PENALTY—CIVIL ACTION.

An action to recover a penalty for the violation of a statute is not a "suit of a civil nature," within the meaning of the law providing for the removal of causes into federal courts, although declared by the state statute to be a "civil action."

This is an action by the state of Indiana to recover a penalty for violation' of the statute making it unlawful to permit the flow of gas or oil from a well into the open air. Defendants removed the case from the circuit court of Delaware county, and plaintiff moved to remand.

On January 3, 1898, the plaintiff filed its complaint against the defendants in the circuit court of Delaware county, Ind. The material parts of the complaint are as follows: That on November 17, 1897, the defendants owned and had possession and control of a certain natural gas and oil well situated on certain land in Delaware county, Ind., which is particularly described; that the defendants were the lessees of the land on which said well is situated, and that said well was drilled and completed by said defendants on November 17, 1897; that natural gas and oil were struck in said well on and prior to that date; that for more than two days after said gas and oil had been struck in said well, and said well completed, said defendants unlawfully allowed, and permitted the entire flow of natural gas from said well to escape into the open air, without being confined within said well, or proper pipes or other safe receptacle, whereby many millions of cubic feet of natural gas have been permitted and allowed to flow and escape into the open air, the amount of which is unknown to the plaintiff; that said flow of gas has continued to escape ever since oil and gas were struck in said well, and now continues to escape into the open air; that said defendants have never at any time confined, or attempted to confine, said flow of gas, or any part thereof, in said well or pipes, or other receptacles, as provided by law. Wherefore the plaintiff says a right of action has accrued in favor of the plaintiff, for the use of said Delaware county, in the sum of $2,000, together with costs and reasonable attorney's fees for the plaintiff therein, and that such reasonable attorney's fees are $300; and plaintiff demands judgment, for the use of Delaware county, in the sum of $2,300 and costs of suit. On January 21, 1898, the defendants presented their verified petition, accompanied by a proper bond, to said state court, for the removal of said cause into this court. The petition set out two grounds of removal: (1) The diversity of citizenship of the plaintiff and defendants; (2) that the act of the legislature of the state, of March 4, 1893, which gives the right of action, is in violation of the fourteenth amendment of the constitution of the United States. The state court sustained said petition, and made an order removing the cause into this court.

The statute under which this suit is brought is sections 7477, 7479, Horner's Ann. St. 1897:

"Sec. 7477. It shall be unlawful for any person, firm, or corporation having possession or control of any natural gas or oil well, whether as a contractor, owner, lessee, agent or manager, to allow or permit the flow of gas or oil from any such well to escape into the open air without being confined within such well, or proper pipes, or other safe receptacle, for a longer period than two days next after gas or oil shall have been struck in such well; and thereafter all such gas or oil shall be safely and securely confined in such well, pipes or other safe and proper receptacles."

"Sec. 7479. Any person or corporation violating any of the provisions of this act shall be liable to a penalty of two hundred dollars for each and every such violation, and to the further penalty of two hundred dollars for each ten days during which such violation shall continue; and all such penalties shall be recoverable in a civil action or actions in the name of the state of Indiana for the use of the county in which such well shall be located, together with reasonable attorney's fees and costs of suit."

The plaintiff has filed a motion to remand on the ground (1) that the plaintiff is not a citizen of the state of Indiana; (2) that the suit is for the recovery of a penalty prescribed for the doing of acts made unlawful by the statute of the state.

Wm. A. Ketcham, Merrill Moores, and C. C. Shirley, for plaintiff.

Stephenson, Shirts & Fertig, for defendants.

BAKER, District Judge.   When a state brings a suit in a court of its own creation against a citizen of another state, no removal can be had into a circuit court of the United States on the ground of the diverse citizenship of the parties.   A state is not a citizen of any state, and, under the judiciary acts of the United States, it is firmly settled that a suit between a state and a citizen or corporation of another state is not between citizens of different states; and that the circuit courts of the United States have no jurisdiction of it unless it arises under the constitution, laws, or treaties of the United States.   Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. 437; Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Germania Ins. Co. v. Wisconsin, 119 U. S. 473, 7 Sup. Ct. 260; Postal Tel. Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192; State v. Tolleston Club of Chicago, 53 Fed. 18.

This suit, if removable at all, is removable solely on the ground of the diverse citizenship of the parties.   The complaint sets out a cause of action for the recovery of a penalty prescribed by the statute of the state.   No right, privilege, or immunity is claimed by the plaintiff under or by virtue of the constitution, laws, or treaties of the United States.   It is true that the defendants in their petition for removal set up the claim that the state statute is invalid by reason of its denial of privileges and immunities secured to them by the fourteenth amendment to the constitution of the United States.   It is settled, however, that where the jurisdiction of the courts of the United States, whether original or by removal, depends upon the existence of a federal question, it must affirmatively appear from the allegations in the declaration or bill of complaint; and that no statement in the petition for removal, or in the answer or demurrer, can supply that want, under the existing acts of congress.   Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 102; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738; Pratt v. Coke Co., 168 U. S. 255, 258, 18 Sup. Ct. 62.

It is insisted that the state is a formal or nominal plaintiff, and that the beneficial right of action is in the county of Delaware, for whose use the suit is prosecuted.   Certainly there are cases where the suit is brought in the name of the state, on the relation or for the use of a person or corporation, where the state is merely a formal or nominal party, and the action is prosecuted solely for the protection of a private right.   In such cases the state has no interest to be protected.   It allows the use of its name solely for the purpose of protecting private rights in which it has no beneficial interest, and in which the enforcement of no governmental policy is involved.   In cases of this character, the relator or the person for whose use the suit is brought is the real party plaintiff, and doubtless the mere formal use of the name of the state in such cases, if otherwise removable, would not defeat the right

of removal if the requisite diversity of citizenship existed between the relator or the person for whose use the suit was brought and the defendant. The present case, however, is not of this character. It is a suit by the state for the enforcement of an important governmental policy. The policy to be subserved is the protection from loss and waste of the natural gas and oil underlying a large portion of the state. Its protection concerns public, and not private, rights. It concerns the welfare of the whole state. The penalty is inflicted for the violation of the statute of the state enacted to secure public, and not private, rights. The penalty is due to the state for the violation of the statute, and the county of Delaware has no private or pecuniary interest in it. It is the beneficiary of the state's bounty which may be withdrawn at any time. The fact that the state has provided that the penalty, when collected, shall be paid to the county in which the violation of the statute has taken place, in no sense makes the suit one to enforce a private or municipal right of the county. The state is the real party plaintiff, the cause of action belongs to it, and the county is named simply as the party to whom the penalty due the state is to be paid when collected. Grinnell v. Johnson, 28 Fed. 2; State v. Columbus & X. R. Co., 48 Fed. 626.

And, if this were not so, still the suit must be held not to be within the jurisdiction of this court, because, although a civil action in form, it is in effect a suit to enforce a penal statute of the state. The contention that the action is civil, and not penal, in its nature, because the statute of the state declares it to be a civil action, is untenable. If congress had intended that the form of the action should determine the right of removal, apt language would have been used to indicate that purpose. The language employed is "suits of a civil nature." If the form, rather than the nature, of the action had been intended to determine the right of removal, congress would undoubtedly have used the words "suits civil in form," or perhaps the more general expression "civil suits," instead of using the language employed. In using the language "suits of a civil nature" it discloses the intent that the court should look beyond the form to the nature or purposes of the suit. Looking at the nature of the present suit, it is apparent that its purpose is penal. The penalty prescribed is recoverable as a punishment for the doing of acts made criminal by the statute. The state has no other purpose than to recover a penalty for a violated law, and thereby secure obedience to it. Chief Justice Marshall in The Antelope, 10 Wheat. 66, 123, stated the rule in the most condensed form, as an incontrovertible maxim, namely, "That the courts of no country execute the penal laws of another." The penal laws of the several states of the United States are regarded, so far as the jurisdiction of the courts of the United States is concerned, as laws of a foreign country. The only cases in which the courts of the United States have entertained jurisdiction over suits by a foreign state have been suits to enforce demands of a strictly civil nature. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370; State v. Chicago, B. & Q. R. Co., 37 Fed. 497; Ferguson v. Ross, 38 Fed. 161; U. S. v. Mexican Nat. Ry. Co., 40 Fed. 769; State v. Day Land & Cattle Co., 41 Fed. 228; Dey v. Chicago, M. & St. P. Ry. Co., 45 Fed. 82.

It follows that both grounds of objection to the jurisdiction of this court must be sustained. The case will be remanded to the state court at the costs of the defendants.