STATE OF ARKANSAS v. ST. LOUIS & S. F. R. CO.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. November 4, 1909.)

REMOVAL OF CAUSES (§ 4*)—NATURE OF CONTROVERSY—ACTION TO RECOVER PENALTY.

Kirby's Dig. Ark. § 6813, provides that if any railroad company in the state shall violate any of the provisions of the act of which it is a part, or any of the rules made by the State Railroad Commission for which there is no other penalty prescribed, it shall be liable to a penalty of not less than $500 nor more than $3,000 for each violation, to be recovered in an action brought, in the name of the state, by the prosecuting attorney of the proper district, *Held*, that an action to recover such penalty, while civil in form, is in its nature criminal, and is not removable into a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 13; Dec. Dig. § 4.*]

Action by the State of Arkansas against the St. Louis & San Francisco Railroad Company. On motion to remand to state court. Motion sustained.

William A. Falconer, for the State of Arkansas.
B. R. Davidson, for defendant.

ROGERS, District Judge. Section 6813, Kirby's Dig. Ark. provides in substance, that if any person or corporation operating a railroad or express company in the state of Arkansas shall violate any of the provisions of the act of which that section is a part, or any of the rules regarding railroads made by the State Railroad Commission and for which there is no other penalty prescribed in the act, they shall be liable to a penalty of not less than $500 nor more than $3,000 for each violation of the act; that the said penalty may be recovered in an action to be brought in the name of the state of Arkansas in the county in which such violation occurred; that the commission shall institute such action through the prosecuting attorney of the proper district; that the said action shall not be dismissed or compromised without the consent of the court and of said commissioners. In pursuance of that section of the statute the State Railroad Com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mission enacted rule No. 41, which went into effect October 20, 1906, which is as follows:

"In case of failure on the part of the shipper to give routing instruction, it shall be the duty of the railroad receiving the shipment to forward it via such route as will make the lowest rate."

While the statute referred to and the rule quoted above were in force, the St. Louis & San Francisco Railroad Company received a shipment of lime at Johnson, a station on said road in Washington county, Ark., to be delivered at Dequeen, Ark. The shipper gave no instructions as to how the lime should be routed. The Frisco Railroad Company shipped the lime via its own route to Poteau, Okl., then down the Kansas City Railroad Company to Dequeen, in Arkansas. The prosecuting attorney for the Fourth judicial circuit of Arkansas, in which Washington county is situate, by the direction of the Arkansas State Railroad Commission, filed a suit in the name of the state in the circuit court of Washington county, Ark., against the St. Louis & San Francisco Railroad Company for the penalty prescribed by the statute, alleging in substance that the route over which the lime was shipped was routed at 23 cents per cwt., whereas the railroad company could have shipped the lime on its own line to Van Buren, thence over the St. Louis, Iron Mountain & Southern Railway Company to Hope, Ark., and over the St. Louis & San Francisco Railroad Company to Ashdown, Ark., and thence over the Kansas City Southern Railway Company to Dequeen, Ark., the place of consignment, which route, it is alleged, was a reasonable route, at a cost of 12 cents, per cwt. for shipment, and which route is wholly within the state.

It may be said, for the purposes of this case, that the route over which the lime was shipped was about one-half the distance of the route just described. In apt time the St. Louis & San Francisco Railroad Company filed its petition in the said circuit court, accompanied by its bond, and the case was removed to this court. The state of Arkansas, without having acquiesced in the jurisdiction of the federal court, filed its motion in apt time to remand the case to the state court, assigning four grounds, the first of which need not be noticed, as follows: Second, that said case is not a controversy between citizens of different states, but between the state of Arkansas and a citizen of the state of Missouri; third, that it is not a suit of a civil nature, but is a case for the recovery of a penalty imposed by the statutes of the state of Arkansas; fourth, that it is not a controversy arising under the Constitution or laws of the United States or the treaties made under their authority. The first and last grounds need not be noticed.

The question presented and urged at the hearing was that the suit is not of a civil nature. The question, therefore, is: What is the nature of the action provided by section 6813, Kirby's Dig. Ark.? After a most careful and patient investigation of a wide range of authorities, I have reached the conclusion that the action, while civil in form, is in its nature criminal. This case, therefore, must be remanded to the state court, solely upon the principle decided in the

case of State of Iowa v. Chicago, B. & Q. R. Company (C. C.) 37 Fed. 497, 3 L. R. A. 554, and which case seems to have been acquiesced in and is in harmony with various cases, among others: Moloney v. American Tobacco Co. (C. C.) 72 Fed. 801; State of Indiana v. Alleghany Oil Co. (C. C.) 85 Fed. 870; Ferguson v. Ross (C. C.) 38 Fed. 161, 3 L. R. A. 322; State of Texas v. Day Land & Cattle Co. (C. C.) 41 Fed. 228.

I do not find it necessary to consider any of the other grounds in the motion to remand, and nothing in this case is decided, except that the suit is criminal in its nature, and not civil, and, therefore, not removable.

The case is remanded to the state court, at the costs of the St. Louis & San Francisco Railroad Company.