*229
 
 Overton, J.
 

 delivered the following opinion of the court.
 

 A bond had been given by the plaintiffs to the defendant, with
 
 a
 
 collateral condition. Suit was brought at law and the jury gave a verdict for the amount of the penalty. The bill complains of excessive damages. The defendant denies the charges of the bill.
 

 
 *230
 
 It was insisted on the part of the complainants, that a court of equity originally took cognizance of a case situated like the present, and that a trial at law did not take away this jurisdiction. Ten. Rep. 478, 296.
 

 There is no doubt with the court, that the above principle is the general rule by which courts of equity are governed, but like most principles, it has an exception. It may always be considered as subordinate to another principle, unquestionable authority. That, if, agreeably to the subject matter in dispute, a person can have a plain, adequate and unembarrassed redress at law, he shall not come here, without showing satisfactory reasons, why he did not obtain relief at law.
 

 The inquiry then is, could the plaintiffs have obtained adequate and unembarrassed, relief at law, and secondly if they could, have they disclosed to this court an account of sufficient reasons, why they did not obtain that redress.
 

 On the first point we refer to the reasoning contained in the case of Reaves and another against Hogan and another Ten. Rep. 513. Originally, if suit were brought at law on a petal bond, recovery was had for the penalty, which constrained the obligee to file his bill for relief, The statute of 8 and 9 of W. 3 provided a remedy at law, but as this statute was not in force in this country, a like remedy was afforded by our statute 1801, c. 6.
 

 In the opinion of the court, this statute affords a plain and unembarrassed remedy at law. Upon breach of a contract evidenced by a penal bond, the amount, injustice and equity, which ought to be recovered, is such a sum in damages, as will compensate for the injury sustained in not performing the condition of the bond, and no more; and who
 
 so
 
 competent to ascertain these damages as a jury in a court of law? It is their peculiar, and exclusive province, to settle damages
 
 ;
 
 and so incompetent are courts of equity to do it, that they always refer questions of this kind to a court of law to get it done. It was only the strict and inflexible adherence to courts of law anciently, to precedents, that made it necessary for obligors to go into equity, in a case so plain, and in turn which their modes of redress were completely adequite and unembarrassed.
 

 The case of penal bonds as well as partial payments provided by 4th and 5th Anne c. 16 were originally of chancery jurisdiction, but being a subject of plain and easy
 
 *231
 
 investigation in courts of law, they have been transferred by statute to those courts. Though a statute without negative words, give courts of law jurisdiction of a subject of equitable jurisdiction, this will not of itself oust a court of equity of its jurisdiction. And much less can the assumption of a court of law of equitable matters, do it. When a court of equity sees that a court of law has exercised jurisdiction in a matter of original equitable cognizance, the only inquiry is, was the court of law according to the nature of the subject in dispute and according to its mode of proceeding capable of affording adequate, plain, and unembarrassed redress ? If it were, the first point is decided. The case of Reaves and others vs. Hogan and others, decides the question of partial payments to he purely legal. So it would seem in this case, being a matter plain and unembarrassed in its nature ; a plain simple question was presented to the jury for their decision, viz. what should be the quantum of damages in consequence of a non-compliance with the condition of the bond. We may, therefore, safely conclude, that the case of penal bonds as well as partial payments, are now to be considered as falling within the class of cases purely legal, which brings the court to the second proposition, whether such obstructions as the plaintiffs could not controul, intervened at law.
 

 The bill is far from being satisfactory on this ground. In fact from the circumstances of the case, it would seem that the verdict was not beyond the bounds of reason. The jury must have thought it only a reasonable remuneration ; and no circumstance is shown from which it can fairly be inferred, that the jury had not all the necessary means of information, or that they did not fully and fairly weigh them.
 

 The bill must be dismissed with costs.