FeeemáN, J.,
delivered the opinion of the Court.
The plaintiff had a warrant issued against him on 8th day of June, 1870, by the Mayor of the town of Grand Junction, which was, in substance, as follows: that information had been made to the Mayor that the said Wood, on 21st of May, 1870, did commit a breach of the peace within the corporate limits of the town by willful violation of secs. 27, 28, 29, 33 of c. 6 of By-laws. The writ commanded the officer to take the body of said Wood and bring him before his Honor the Mayor to answer said charge, and be dealt with as the law directs.
The Marshal returned, that he had executed the warrant by arresting the defendant and notifying him to appear before the Mayor on Saturday, the 11th of June, 1870.
The Mayor gave judgment against the defendant for “twenty-five dollars each, for violation of secs. 28 and 33 of c. 6 of By-laws of town of Grand Junction.” From this judgment defendant appealed to Circuit Court, and gave bond for said appeal. In Circuit Court a motion to quash the warrant was made, and overruled by the Court.
The Court then, on his own motion, dismissed the case, on the ground that it was not such a case as could be appealed to the Circuit Court. From the judgment dismissing the case, an appeal is prayed to this Court.
*442 The question is, did his Honor correctly hold in dismissing the appeal?
The statute under which the appeal is taken to Circuit Court is as follows: “ That appeals shall hereafter be allowed to the Circuit Court and Common Law Courts, from decisions of Mayors and Recorders of' all incorporated towns and cities in Tennessee, in all cases in which, by existing laws, an appeal is authorized by law if said decision or judgment were rendered by a Justice of the Peace; and such appeals from the judgments or decisions of Mayors and Recorders, shall be subject to the same terms and restrictions as are now imposed by law upon appeals granted by Justices of the Peace.”
A fine, forfeiture or penalty, imposed by an ordinance of a town corporation for an offense against the municipal laws, may be recovered by warrant in debt, and the only proof required is that the particular offense has been committed. Debt is the proper action for penalties prescribed for certain offenses by acts or ordinances: Meaher v. Mayor and Aldermen of Chattanooga, 1 Head, 76. The warrant in that case was for a penalty for keeping a disorderly house in the city of Chattanooga, in violation of a by-law, which provided that persons convicted of the offense should pay and forfeit the sum of not less than three nor more than fifty dollars.
The ordinance in that case provided, that the Mayor should issue his warrant for arrest of offender.
Under authority of that case we hold that the warrant may well be treated in this case as an action *443 for recovery of the penalty imposed by the statute, and that the act of the Legislature was passed probably in view of this decision, and was intended to give the right of appeal in such cases from a judgment rendered by Mayors and Recorders, for penalties recovered before them for violation of corporation ordinances. This being in its nature such an action, though informal and perhaps requiring amendment in some particulars, we hold that an appeal would lie from the judgment to the Circuit Court under the act of 1870, under same rules and restrictions as in like cases before a Magistrate, that is, in cases of judgments for debt or money.
The case will be reversed and remanded to Circuit Court for further proceedings.