**MOLONEY, Attorney General, v. AMERICAN TOBACCO CO. et al.**

(Circuit Court, N. D. Illinois.   March 25, 1896.)

REMOVAL OF CAUSES—CIVIL ACTION—ANTITRUST LAW.
     An information in equity to restrain violation of a state statute forbidding trust combinations is not a civil action, within the meaning of the removal act.

In Equity.   On motion to remand.

Information in equity by M. T. Moloney, attorney general of the state of Illinois, against the American Tobacco Company and others, for violation of the antitrust law of Illinois.

Atty. Gen. Moloney, in pro. per.
Charles H. Aldrich, for defendants.

SHOWALTER, Circuit Judge.   This proceeding is, in form, an information in equity by the attorney general of Illinois.   It was commenced in the circuit court of Cook county, and thence removed to this court on petition of defendants, wherein they insist that a federal question is involved.   The proceeding is grounded on section 4 of the act of 1893 of the Illinois legislature entitled:

"An act to define trusts and conspiracies against trade, declaring contracts in violation of the provisions of this act void, and making certain acts in violation thereof misdemeanors, and prescribing the punishment therefor and matters connected therewith."

Said section 4 is in words following:

"Every foreign corporation violating any of the provisions of this act is hereby denied the right and prohibited from doing any business within this state, and it shall be the duty of the attorney general to enforce this provision by injunction or other proper proceedings, in any county in which such foreign corporation does business, in the name of the state on his relation."

Section 1 defines what a trust is.   Section 2 provides that any domestic corporation violating any of the provisions of the act shall forfeit its charter and cease to exist.   And section 3 directs the attorney general to institute suit or quo warranto proceedings against any domestic corporation so violating the act.   Section 5 declares any violation of any of the provisions of section 1 to be a conspiracy and a misdemeanor, and fixes a fine of not more than $5,000 nor less than $2,000 against "any person who may be or may become engaged in any such conspiracy or take part therein or aid or advise in its commission, or who shall, as principal, manager, director, agent, servant, or employé, or in any other capacity knowingly carry out any of the stipulations, purposes, prices, rates, orders thereunder or in pursuance thereof."   And section 6 concerns the form of the "indictment or information for any offense named in this act." But no consequence, as against a domestic corporation, seems to follow the offense, other than the forfeiture of its charter, or, as against a foreign corporation, other than an inhibition from business in this state.

The American Tobacco Company, the principal defendant, is a corporation organized under the laws of New Jersey.   It is said, in

the information, that this corporation was created by a combination of separate and previously competing concerns for the purpose of a monopoly in products made from tobacco, and, particularly, in cigarettes; that said combination practically controls the trade in the last-named commodity in the United States and in Illinois; that it carries on its trading operations in Illinois by the aid of divers persons and corporations domiciled here, each being under a contract of agency for the sale and handling of said product, and each having engaged with the company not to handle the goods of any other manufacturer. These agents are made co-defendants with said American Tobacco Company, and the prayer is that said company and said co-defendants be enjoined from conducting the cigarette business of said company in this state.

The right of a litigant to avail himself of the judicial power of the United States through the instrumentality of the circuit court of the United States is limited by federal legislation. Any suit "of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States," may, within the limitations now current, be originally commenced in, or be removed from a state court and thenceforward be prosecuted in, the circuit court of the United States. A question here is whether or not the present proceeding is a suit of a civil nature. This court does not adjudicate upon penal or criminal statutes of a state. The purpose of this information is to enforce against the American Tobacco Company the prohibition from doing business in Illinois, and the cause of action alleged is conduct which, within the meaning of the act, if it have any meaning, is an offense or misdemeanor. The information does not show, as the ground of action, any contract right in the state, or any property right or easement vested in the state, as trustee, representing the public or otherwise. The action is based on a statute or rule of conduct which the state, as a governing agent, has prescribed, and the violation of which, on the theory of the information, is an offense or misdemeanor. This is not, in its nature, a suit to recover for, or stop the continuance of, an injury. It is the prosecution of an offender against a criminal statute. This defendant corporation is not bound to refrain from carrying on a monopoly in cigarettes because the state, as a sovereign, or in any other capacity, is damaged thereby, but because the state, as a sovereign, has made a rule to the contrary. The damage, whatever it may be, would be precisely the same if no such rule or statute had been enacted. Yet, in the latter case, there would be no action. The information, therefore, as already said, has no other purpose than the enforcement of a penal statute. The supreme court of the United States in Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, ruled that an action of debt by a state to recover on a judgment for a fine was not a suit of a civil nature. So, here, the circumstance that an injunction is the instrument, and apparently the only instrument, of the state's displeasure, does not change the essential nature of the conduct complained of, or of the legal sanction to which said conduct must be referred.

On the one hand, the state statute does not extend the equitable jurisdiction of the circuit court of the United States, nor does it create or vest in the state a new cause of action in equity, such as can be entertained in this court, or in the circuit court of the United States in New Jersey, for instance, or in any court of general jurisdiction in a state other than Illinois. On the other hand, the suit is not one of a civil nature. The first section of the act gives definitions of a trust; but said section does not, in terms, prohibit any person or corporation from entering into any one of the combinations so defined. The remaining sections are worded to meet "violations" of the first. If, for this reason, no offense is, in fact, made by the statute, then this information, since it avowedly rests on the statute, necessarily fails. In that event, no further question of any kind arises. If I should here hold that the statute, by reason of the omission referred to, is left meaningless and ineffectual, and thus retain the case here as a civil suit, then, by the selfsame ruling, there would be nothing left but to dismiss the information for want of equity. The cause is remanded to the state court.