MCCREARY *v.* FIRST NATIONAL BANK.

(*Knoxville.*    September Term, 1902.)

1. **STATE COURTS.** Jurisdiction—Penalty for usury prescribed by an act of Congress.

   The courts of this State have jurisdiction and will entertain a suit against a national bank to recover the penalty for taking, receiving, or charging usurious interest, imposed by the statutes of the United States. (*Post, pp.* 130-135.).

   Statutes cited: Revised Statutes of the United States, secs. 5197-5198.

   Cases cited: Hartley *v.* U. S., 3 Hayw., 44; Bank *v.* Morgan, 132 U. S., 141.

2. **CHANCERY COURTS.** Jurisdiction of, suits for penalty.

   "An action in the nature of an action for debt" against a national bank for taking, receiving, or charging usurious interest, as prescribed by the statutes of the United States, although penal in its effect, is a "civil cause of action," jurisdiction of which was, by the act of 1877, ch. 97, conferred upon the chancery courts of this State concurrently with the circuit courts. (*Post, pp.* 130, 131, 135-141.)

   Act construed: Act of 1877, chap. 97; Code (S.) sec. 6109.

   Cases cited: Martin *v.* McKnight, 1 Tenn., 330-334; Kelly *v.* Davis, 1 Head, 73; Hogan *v.* Chattanooga, 2 Tenn. Cases, 339; Meagher *v.* Chattanooga, 1 Head, 76; Wood *v.* Mayor, &c., of Grand Junction, 5 Heiskell, 442; Town of Bristol *v.* Burrow, 5 Lea, 129; Bobo *v.* Bank, 92 Tenn., 444.

   Cases distinguished: Shields *v.* Davis, 103 Tenn., 544; Baker *v.* Mitchell, 105 Tenn., 610; Simmonds *v.* Leonard, 89 Tenn., 622.

3. **INTEREST.** Penalty does not bear interest.

   Interest is not recoverable on a statutory penalty unless expressly provided for in the act; therefore in an action against a national bank, to recover the penalty prescribed by the

McCreary v. First National Bank.

act of Congress for charging usurious interest, interest can not be recovered on such penalty. (*Post, pp.* 131, 141-142.)
Case cited:   Duncan *v.* Maxey, 5 Sneed, 115.

### FROM HAMBLEN.

Appeal from the Chancery Court of Hamblen County.   HUGH K. KYLE, Chancellor.

JOHN T. ESSARY and ROGERS & ROGERS, for McCreary.

SHIELDS & MOUNTCASTLE, for the bank.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

This bill was preferred by complainant in the chancery court of Hamblen county to recover the penalty prescribed by the act of Congress against national banks for knowingly collecting usurious interest. The facts of the case are that the defendant is a national bank doing business in Morristown, Tenn. The complainant, on March 9, 1900, filed this bill, alleging that within the preceding two years he had divers transactions with the defendant, in which it had knowingly, illegally and wrongfully charged him a greater rate of interest than that allowed by the laws of the State of Tennessee and of the United States, aggregating $225.36, and the bill prayed for a decree against the defendant for double this sum.

The Revised Statutes of the United States provide (section 5197 [U. S. Comp. St., 1901, p. 3493]) that a national bank doing business in a State is entitled to charge the rate of interest prescribed by the law of the State of its domicile.  Section 5198: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, will be deemed a forfeiture of the entire interest, which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid.  The person by whom it has been paid, or his legal representative, may recover back in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious action occurred; and that suit, action and proceeding against any association, under this title, may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The defendant filed its demurrer to the jurisdiction of the court, setting up several grounds, the second being as follows: "This being a suit for penalty against a national bank, the chancery court in Tennessee has no jurisdic-

tion to try such cases originating solely in federal statute, and in no case has it jurisdiction in a suit to enforce a penalty."

The fourth ground of demurrer was as follows: "The defendant demurs to so much of complainant's bill as seeks to charge defendant with interest on the penalty, for the reason that complainant's suit is a suit for a penalty, and arises only by virtue of penal statute, not giving interest, the same can not be recovered in this action."

The demurrer was overruled by the chancellor, and defendant answered the bill. The cause went to proof, and on the final hearing the chancellor pronounced a decree in favor of complainant, McCreary, for the sum of $490.17, the amount being double the usury charged, with interest from date of the filing of the bill. The court of chancery appeals affirmed the decree of the chancellor, excepting the interest, and the cause is before this court on the appeal of the bank.

The questions presented for the determination of the court on the appeal are: (1) Whether any State court has jurisdiction to enforce a penalty created alone by federal statute; (2) whether the chancery court has jurisdiction to enforce the national banking act penalty; and (3) whether interest is allowable on such penalty. On the first proposition it is argued on behalf of appellant that the State courts

will not enforce a penalty created by Congress, for the reason that federal courts do not undertake to enforce penalties created by State statutes. It may be conceded, as argued by counsel for appellant, that this is a penal action under the decisions of the United States Supreme Court.

The supreme court of the United States, through Mr. Justice Swayne, in considering the federal statute which is now invoked, said: "The remedy given by the statute for the usury is a penal suit. To that the party aggrieved, or his legal representative, must resort. He can have redress in no other mode or form of procedure. The statute which gives the right permits the redress. The suit must be brought especially to recover the penalty where the sole question is the guilt or innocence of the accused." *Barnet* v. *Bank,* 98 U. S., 555 (25 L. Ed., 212); *Blaine* v. *Curtis,* 59 Vt., 120 (7 Atl., 708; 59 Am. Rep., 702).

It being settled that this is a penal statute, the next question presented is whether the State courts will enforce a federal statute denouncing a penalty. Counsel admits there have been diverse holdings on this question by the courts of other States, but insists that the correct rule is that laid down in *Blaine* v. *Curtis,* 59 Vt., 120 (7 Atl., 708; 59 Am. Rep., 705, viz.: "It is well-known law, settled in this State as well as elsewhere, that no State will enforce penalties imposed by the laws of another State. Such laws

are universally considered as having no extraterri-torial operation or effect, whether the penalty be to the public or to persons." *Blaine* v. *Curtis,* 59 Vt., 120 (7 Atl., 708; 59 Am. Rep., 705) ; Story, Confl. Laws, sections 620, 621; Rorer, Int. St. Law., 148-165, and a large number of cases cited from various States of the Union in the first-cited case. It is argued that the federal Congress occupies the same relation to the States as the States do to themselves so far as this question is concerned.

In the case of *Newell* v. *Bank,* 12 Bush, 57—a Kentucky case—the supreme court of Kentucky, speaking through Judge Lindsay, in regard to the statute in question, wrote, viz.: "We need not inquire as to the rights of the parties under the provisions of the act of Congress. The forfeitures claimed under said act are wholly penal in their nature. The courts of this State have not, up to this time, undertaken to enforce penalties arising under the laws of the government of the United States, and these cases present no sufficient reason to authorize the inauguration of a new judicial policy upon that subject."

In the case of *Missouri River Tel. Co.* v. *First Nat. Bank of Sioux City,* 74 Ill., 217, it is said: "It is equally true that both the government of the United States and Iowa are wholly independent of this State. They severally have all the attributes of sovereignty essential to the enactment and enforce-

-ment of laws for the government of their citizens within the limits of their constitution, and in accordance with long-settled rules of law this State can not enforce their criminal or penal laws." 1 Thomp. Nat. Bank Cas., pp. 402, 502. It is admitted by counsel that this is a question which every State must determine for itself, and, since this court has not heretofore decided the question, it should hold that penal statutes of Congress and of the various States must be enforced within their own jurisdiction, and by their own courts.

Whatever may have been the holdings on this question at one time, the jurisdiction of the State courts is now definitely fixed by the amendment to the statute enacted by Congress February 18, 1875. The last sentence of this section, it appears, was not in the original act, and is as follows, to-wit: That suit, action and proceeding against any association, under this title, may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

In 21 Am. & Eng. Enc. Law (2d Ed.), p. 396, it is said, viz.: "Whatever doubts may have existed as to the jurisdiction of State courts to entertain a suit for the penalty given by the national

bank act have been resolved in favor of such juris-
diction by the amendment to the section of the stat-
ute giving the remedy;" citing *Bank* v. *Morgan,* 132
U. S., 141, 144 (10 Sup. Ct., 37; 33 L. Ed., 282).
As early as 1816 it was decided by this court that the
State court had jurisdiction and would entertain a
suit to enforce a penalty prescribed by an act of Con-
gress. *Hartley* v. *United States,* 3 Hayw., 44.

It is next insisted on behalf of appellant that, con-
ceding the jurisdiction of the State court, a court
of chancery has no jurisdiction to enforce a penalty,
but the action should have been brought at law. It
is true that prior to the act of 1877, extending and
enlarging the jurisdiction of courts of chancery in
this State, the chancery court did not have jurisdic-
tion to enforce a penalty or forfeiture, but the party
was remitted to his remedy at law. Gibs. Suits in
Ch., section 302, citing 1 Daniell, Ch. Prac., 387, 563.
So it was held in this State that courts of law only
have jurisdiction of the enforcement of penalties.
*Williams* v. *Patterson,* 2 Tenn., 229; *Turney's Ex'r*
*v. Young,* Id., 265; Druggist Cases, 85 Tenn., 449
(3 S. W., 490; *Love* v. *Smith,* 4 Yerg., 117-129). We
are of opinion, however, that such jurisdiction is
necessarily conferred by chapter 97, Acts 1877, which
provides, viz.: "It [that is, the chancery court] shall
have and exercise concurrent jurisdiction with the
circuit court of all civil causes of action triable in
the circuit court, except for injuries to persons, prop-

erty or character involving unliquidated damages;
and no demurrer for want of jurisdiction of the cause
of action shall be sustained in the chancery court ex-
cept in cases of unliquidated damages for injuries to
persons, property or character."

It is insisted that a suit to enforce a pen-
alty is not a civil cause of action in the
sense of the statute. The case of *Duncan*
v. *Maxey*, 5 Sneed, 115, simply holds that a justice of
the peace at that date had no jurisdiction to enter-
tain a suit to recover a penalty of $62.50 given by
Act 1782, c. 29, section 1, for an unlawful firing of
the woods, "but that the jurisdiction in such cases
belonged to the circuit court." The same rule was
announced in *Stover* v. *Lasater*, 8 Lea, 631. In the
former case it was said: "The cause of action in
the case before us is of its own kind. It is a pecuni-
ary punishment, inflicted for wrong done in viola-
tion of the statute, and, although the statute author-
izes the penalty to be recovered by an action of debt,
yet it does not fall within either class of cases spe-
cifically enumerated; and it is a settled rule that
penal statutes are to be construed strictly, and are
not to be extended beyond the plain letter of the law.
It follows, consequently, that the jurisdiction of such
cases belongs to the circuit court, and not to the jus-
tice of the peace."

The court in that case did not hold that
a suit to recover a penalty was not a civil

action, but the holding was that such a case was not embraced within the jurisdiction conferred upon justices of the peace. The court, however, expressly held that such cases belonged to the circuit court. To the same effect is *Stover* v. *Lasater,* 8 Lea, 631. In *Martin* v. *McKnight,* 1 Tenn., 330-334, it was held that an action for a penalty is a civil proceeding. Again, it is held that, where a statute imposes a penalty, and prescribes no form of action for its recovery, debt may be maintained. *Kelly* v. *Davis,* 1 Head,, 73; *Hogan* v. *City of Chattanooga,* 2 Shannon's Cas., 339. So it is held that a fine, forfeiture or penalty imposed by ordinances of a municipal corporation may be recovered by warrant in debt. *Meaher* v. *City of Chattanooga,* 1 Head, 76; *Wood* v. *Mayor of Town of Grand Junction,* 5 Heisk., 442; *Town of Bristol* v. *Burrow,* 5 Lea, 129.

In such cases the recorder of a town, in enforcing penalties for the violation of a municipal ordinance, is not exercising criminal jurisdiction, as has been frequently decided. "Debt," says Judge Caruthers, in *Meaher* v. *City of Chattanooga,* 1 Head, 76, "is the proper action for penalties prescribed for certain offenses by acts or ordinances, and the only proof required is that the offense or act to which such fine or forfeiture is attached has been committed." Undeniably, then, a suit to enforce a penalty is a "civil cause of action," that prior to the passage of the act of 1877 "was exclusively

triable in the circuit court." Why, then, has not jurisdiction of such a suit been conferred on the chancery court by the act of 1877? It is said that it is not a "civil cause of action," as this term is employed in the statute. Counsel then cite cases to show that a suit to enforce a penalty is not a controversy of a civil nature, authorizing removal from a State to a federal court under the judiciary act, nor a controversy between the States within the meaning of the United States constitution; and it is thence argued that it is not a civil cause of action within the meaning of the act of 1877, increasing the jurisdiction of the chancery court. *Moloney* v. *Tobacco Co.* (C. C.), 72 Fed., 801; *State* v. *Alleghany Oil Co.* (C. C.), 85 Fed., 873; *Cornell* v. *Weidner,* 127 U. S., 265 (8 Sup. Ct., 1152; 32 L. Ed., 148) ; *State of Missouri* v. *State of Illinois,* 180 U. S., 240 (21 Sup. Ct., 331; 45 L. Ed., 497).

We do not think the construction placed by the federal courts on language used in the federal statutes is at all controlling in the construction we shall place on similar language used in our own statutes, especially when we can see that such was not the intention of our legislature. It is very obvious that the lawmakers, in enacting this statute, used the language "civil causes of action now triable in the circuit court" in the sense these words are expounded and understood in our own decisions and statutes; and we have seen that under the adjudications of this

court a suit to recover a penalty is not a criminal or *quasi* criminal proceeding, but a civil action in the nature of a suit to recover a debt. It is true, as argued by counsel, that, although a suit may be within the literalism of the act of 1877, it may not be within its intent; and counsel cites *Shields* v. *Davis,* 103 Tenn., 544 (53 S. W., 948), and *Baker* v. *Mitchell,* 105 Tenn., 610 (59 S. W., 137).

In the former case it was said: "While chapter 97 of the acts of 1877 (Shannon's Code, section 6109) has been liberally construed in favor of the extension of the chancery jurisdiction, as can be seen by reference to many cases in our reports, yet we have declined to apply it to others, which, while falling within the words of the statute, were so exceptional in character as to preclude the idea that they were within its intent."

*Shields* v. *Davis* presented a contest over the office of sheriff. This court, in adjudging that the chancery court had not concurrent jurisdiction, under the act of 1877, with the circuit court, to hear and determine a contested election of sheriff, among other things wrote, viz.: "On examining chapter 3 of the Code, it will be found that the legislature has adopted a general scheme for the trial of all contested elections, and to that end, and for that purpose, conferred jurisdiction upon different tribunals. By section 1308 of Shannon's Code, the right is given to the county court to hear and determine all cases of contested elec-

tions of justices of the peace, constables, county registers, county court clerks, county surveyors and rangers.  By section 1309 jurisdiction is given to the circuit court to hear and determine all contests of the election of sheriffs, clerks of the circuit, criminal, or other courts, whose clerks are elected by the people, except clerks of the county court.  Section 1310 provides for the contest as to the office of supreme judge, and section 1312 enacts that contests for the office of chancellor are tried before the chancellor of some division adjoining that in which such election is held; while section 1313 requires contests for all judicial offices and of district attorneys to be tried before the chancellor of the division in which such election was held, and, if such election was partly in one chancery division and partly in another, then before the chancellor of either division, and, if there be no chancellor of that division, before the chancellor of the nearest division having a chancellor.  Thus it will be seen that these statutes have provided for contests for every office of the State filled by popular election, except that of governor, and this is heard by the legislature."

It was held that a contest of this character is not a cause within the meaning of the act of 1877.  To the same effect is *Baker* v. *Mitchell,* 105 Tenn., 610 (59 S. W., 137).

In *Simmons* v. *Leonard,* 89 Tenn., 622 (15 S. W., 444); this court held that the chancery court had no

jurisdiction, under the act of 1877, to try an issue or *dcvisavit vel non*. The reason was that in the matter of the contest of wills, not only is the circuit court clothed with exclusive jurisdiction (Code, section 4227), but it can be acquired by that court only in one way, and that is by a certificate from the county court which is the custodian of the will, and has original jurisdiction of its probate. After the trial in the circuit court, the verdict and judgment must be certified to the county court to be recorded. If such a case is within the act of 1877, then the chancery court could take jurisdiction of such a case originally, while the circuit court could not take cognizance of such a case until it is certified from the county court.

Hence it was said the act of 1877 did not contemplate such radical and sweeping changes, but only included those civil actions which could originate in the circuit court, etc. But no reason is perceived why the chancery court is not clothed with jurisdiction, by the act of 1877, of a civil action to recover a penalty, that was triable in the circuit court prior to the passage of that act. The federal statute allowing the recovery of this penalty provides that it may be had in "an action in the nature of debt, and that the suit for its recovery may be brought in any State court in which the bank is located having jurisdiction in similar cases."

While this question was not raised or decided in *Bobo* v. *Bank,* 92 Tenn., 444 (21 S. W., 888), this

court assumed that the chancery court had jurisdiction of such a suit, and pronounced a decree remanding the cause to the court below to determine the amount of the usury upon the basis fixed by this court, and for proper judgment against the bank. We are clearly of opinion that the chancery court has jurisdiction of such an action.

The court of chancery appeals so held, but disallowed interest, and this is assigned as error. The act of Congress makes no provision for the allowance of interest, but fixes the amount of recovery at twice the amount of the usury charged. Laws prescribing penalties and forfeitures are strictly construed, and, in the absence of any authority in the act for interest on the penalty, we can not superadd it. *Duncan* v. *Maxey*, 5 Sneed, 115.

The decree of the court of chancery appeals is therefore affirmed.

NOTE.—Mr. Justice Shields, having been of counsel, did not participate in the hearing or decision of this cause.

Mr. Justice Neil, having been a member of the court of chancery appeals when this cause was determined there, did not take part in the hearing and decision in this court.