**STATE ex rel. WARREN, Treasurer, v. F. W. WOOLWORTH CO.**

**No. 11.**

District Court, W. D. Missouri, W. D.
Nov. 11, 1939.

Joseph J. Shy and Richard C. Ashby, both of Chillicothe, Mo., for plaintiff.

Davis & Davis, of Chillicothe, Mo., for defendant.

OTIS, District Judge.

The prime question presented by the motion to remand is whether the cause removed from the state court is a "suit of a civil nature, at law or in equity" within the meaning of that phrase in Section 71, Title 28, U.S.C. 28 U.S.C.A. § 71. Plaintiff's contention is that the suit is criminal in its nature and not removable.

The characteristics of the suit will be understood best if its statutory background is described. The background is found in Article 17, entitled "Taxation of Merchants", of Chapter 59, entitled "Taxation and Revenue", of the Revised Statutes of Missouri for 1929, Mo.St.Ann. § 10075 et seq., p. 8061 et seq. Section 10077 provides that merchants shall pay an ad valorem tax on the highest amount of all goods which they shall have at any time between the first Monday in March and the first Monday in June. Section 10078 requires that a bond be given conditioned on the payment of the tax. The form of the bond is set out in Section 10080. Section 10081 requires the merchant to make a statement of the highest amount of goods between the dates indicated in Section 10077 and to swear to it, Section 10082. Section 10089 provides as follows:

"Section [§] 10089. Every such person, corporation or copartnership of persons, who shall file, or suffer to be filed, a false statement, shall be deemed to have forfeited the bond given by him or them in virtue of this matter [article], and judgment shall be rendered for the plaintiff in damages for four times the amount of revenue found to be due for the year, and costs."

Section 10090 is companion to and supplements Section 10089. It provides:

"Section [§] 10090. Upon the forfeiture of any bond as provided, it shall be the duty of the collector of the proper county to institute suit without delay, by some attorney to be selected by him, upon the bond forfeited, against the principal and all sureties, jointly or severally, as may be deemed advisable; and the court in which the judgment shall be rendered shall, if judgment shall be for the plaintiff, tax as costs in the case to be collected and paid as other costs, a reasonable fee in favor of the attorney prosecuting the action."

The removed suit purports to be that authorized by Section 10090. The prayer is for damages on each count (the different counts being for different years) in four times the amount of the revenue claimed to be due.

We consider that the ad valorem tax referred to in the sections cited is a tax imposed by state authority, that the bond required is a bond to the state, that the damages recovered for a false statement are public funds. We have then a self-assessment required to be sworn to and a provision that the taxpayer who makes a false self-assessment shall pay into the treasury the tax he owes and four times that amount in addition to the tax. It seems to us obvious that here is the exaction of a penalty for an offense criminal in its nature. The proceeding may be civil in form, but we are not concerned with form. In form it may be a suit on a forfeited bond, but we are not concerned with form. We are concerned with the essential nature of the suit. State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 299, 8 S.Ct. 1370, 32 L.Ed. 239; State of Iowa v. C., B. & Q. R. Co., 8 Cir., 37 F. 497, 501, 3 L.R.A. 554.

What are the tests by the application of which it may be determined whether a given suit is civil or criminal in its nature. It would seem to us, before we turn to the books, that a suit by the state or for the state or by an official in behalf of the state, to recover a penalty for some wrongful act from an individual, to recover that penalty for the state or for disposition by the state to some governmental agency of the state, must be a suit which is not civil in its nature. A suit civil in its nature is an action for private injury looking to a recovery for private benefit.

An authoritative formulation of a test may be gathered from State of Wisconsin v. Pelican Ins. Co., supra. Moreover, in several respects, that case is quite, although not exactly, analogous with this. The exact question there was whether the proceeding involved was of a civil nature. It was a proceeding to enforce a judgment by a suit upon the judgment and was civil in form. The judgment sued on has been obtained by a proceeding, also civil in form,

under a Wisconsin statute directing the state commissioner of insurance to sue insurance companies in the name of the state, to recover for the state and the insurance department damages prescribed by statute for the making of false statements, required by law to be made, to the insurance department, touching the business of the companies. The Supreme Court said (127 U.S. loc.cit. 290, 8 S.Ct. loc.cit. 1374, 32 L.Ed. 239) that "suits in favor of the state for the recovery of pecuniary penalties for any violation of statutes for the protection of its revenue" were penal, not civil, in nature. Again the court said (127 U.S. loc.cit. 299, 8 S.Ct. loc.cit. 1379, 32 L.Ed. 239), holding the proceeding not civil in nature:

"The cause of action was not any private injury, but solely the offense committed against the state by violating her law. The prosecution was in the name of the state, and the whole penalty, when recovered, would accrue to the state, and be paid, one-half into her treasury, and the other half to her insurance commissioner, who pays all expenses of prosecuting for and collecting such forfeitures. * * * The real nature of the case is not affected by the forms provided by the law of the state for the punishment of the offense. It is immaterial whether, by the law of Wisconsin, the prosecution must be by indictment or by action; or whether, under that law, a judgment there obtained for the penalty might be enforced by execution, by scire facias, or by a new suit. In whatever form the state pursues her right to punish the offense against her sovereignty, every step of the proceeding tends to one end,—the compelling the offender to pay a pecuniary fine by way of punishment for the offense."

It is difficult to perceive any essential distinction between the cited case and this. There a penalty was imposed for the making of a false statement. It is so here. There the prosecution was in the state's name. It is so here. There the penalty, when recovered, accrued to the state and a state agency. It is so here. There the proceeding was not directly to enforce the penalty, but to enforce a judgment. Here the proceeding is not directly to enforce the penalty, but nominally on a bond. The facts are substantially identical in that case and this. By the tests applied there this certainly is not an action civil in its nature.

No case decided by any appellate tribunal seems directly and exactly in point.

State of Indiana to Use of Delaware County v. Alleghany Oil Co., C.C., 85 F. 870, may be read with profit.

The motion to remand is sustained on the ground (no other ground has been considered) that the proceeding removed is not a "suit of a civil nature." The case is remanded. So ordered. Exception allowed defendant.