**Robert H. QUINN, Attorney General for the Commonwealth of Massachusetts**

**v.**

**A BOOK NAMED "SIXTY EROTIC DRAWINGS FROM JULIETTE" (Through Grove Press, Inc., the Publisher and Copyright Holder of the book).**

**Civ. A. No. 70–675.**

United States District Court,
D. Massachusetts.

June 17, 1970.

No appearance for plaintiff.

Herbert S. Swartz, Brookline, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

The principal question is whether a proceeding by the Attorney General of Massachusetts to have a book declared obscene pursuant to Mass.G.L. c. 272, Section 28C, is removable to the United States District Court by a New York corporation which is the publisher of the book on the ground that the proceeding is that sort of "civil action" of which this Court has original jurisdiction under

the diversity jurisdiction statute, 28 U.S.C. Section 1332, and is therefore also that sort of "civil action" which is removable under the basic removal statute, 28 U.S.C. Section 1441(a).

The Attorney General began this proceeding under Mass.St.1945 c. 278 "An Act relative to the importing, printing, publishing, selling or distributing of obscene books and other obscene matter." The act contains nine sections, of which it is here necessary to set forth only those seven sections which have been codified as Mass.G.L. c. 272, Sections 28B through H:

"§ *28B*. Whoever imports, prints, publishes, sells, loans or distributes, or buys, procures, receives, or has in his possession for the purpose of sale, loan or distribution, a book, knowing it to be obscene, indecent or impure, shall be punished by imprisonment for not more than two years or by a fine of not less than one hundred nor more than one thousand dollars, or both."

"§ *28C*. Whenever there is reasonable cause to believe that a book which is being imported, sold, loaned or distributed, or is in the possession of any person who intends to import, sell, loan or distribute the same, is obscene, indecent or impure, the attorney general, or any district attorney within the district, shall bring an information or petition in equity in the superior court directed against said book by name. Upon the filing of such information or petition in equity, a justice of the superior court shall, if, upon a summary examination of the book, he is of opinion that there is reasonable cause to believe that such book is obscene, indecent or impure, issue an order of notice, returnable in or within thirty days, directed against such book by name and addressed to all persons interested in the publication, sale, loan or distribution thereof, to show cause why said book should not be judicially determined to be obscene, indecent or impure. Notice of such order shall be given by publication once each week for two successive weeks in a daily newspaper published in such other county. A copy of

such order of notice shall be sent by registered mail to the publisher of said book, to the person holding the copyrights, and to the author, in case the names of any persons appear upon said book, fourteen days at least before the return day of such order of notice. After the issuance of an order of notice under the provisions of this section, the court shall, on motion of the attorney general or district attorney, make an interlocutory finding and adjudication that said book is obscene, indecent or impure, which finding and adjudication shall be of the same force and effect as the final finding and adjudication provided in section twenty-eight E or section twenty-eight F, but only until such final finding and adjudication is made or until further order of the court."

"§ *28D*. Any person interested in the sale, loan or distribution of said book may appear and file an answer on or before the return day named in said notice or within such further time as the court may allow, and may claim a right to trial by jury on the issue whether said book is obscene, indecent or impure."

"§ *28E*. If no person appears and answers within the time allowed, the court may at once upon motion of the petitioner, or of its own motion, no reason to the contrary appearing, order a general default and if the court finds that the book is obscene, indecent or impure, may make an adjudication against the book that the same is obscene, indecent and impure."

"§ *28F*. If an appearance is entered and answer filed, the case shall be set down for speedy hearing, but a default and order shall first be entered against all persons who have not appeared and answered, in the manner provided in section twenty-eight E. Such hearing shall be conducted in accordance with the usual course of proceedings in equity including all rights of exception and appeal. At such hearing the court may receive the testimony of experts and may receive evidence as to the literary, cultural or educational character of said book and as to the manner and form of its publi-

cation, advertisement, and distribution. Upon such hearing, the court may make an adjudication in the manner provided in said section twenty-eight E."

"§ *28G.* An information or petition in equity under the provisions of section twenty-eight C shall not be open to objection on the ground that a mere judgment, order or decree is sought thereby and that no relief is or could be claimed thereunder on the issue of the defendant's knowledge as to the obscenity, indecency or impurity of the book."

"§ *28H.* In any trial under section twenty-eight B on an indictment found or a complaint made for any offence committed after the filing of a proceeding under section twenty-eight C, the fact of such filing and the action of the court or jury thereon, if any, shall be admissible in evidence. If prior to the said offence a final decree had been entered against the book, the defendant, if the book be obscene, indecent or impure, shall be conclusively presumed to have known said book to be obscene, indecent or impure, or if said decree had been in favor of the book he shall be conclusively presumed not to have known said book to be obscene, indecent or impure, or if no final decree had been entered but a proceeding had been filed prior to said offence, the defendant shall be conclusively presumed to have had knowledge of the contents of said book."

Pursuant to the aforesaid Section 28C, the Attorney General of Massachusetts on April 21, 1970 filed in the Superior Court of Massachusetts for Suffolk County a petition in equity to have "Sixty Erotic Drawings" declared obscene. On the same day Superior Court Judge Cahill, being of opinion that there was reasonable cause to believe the book was obscene, issued an order of notice directed against such book and addressed to its publisher and copyright owner, Grove Press, Inc., a New York corporation. Grove answered and filed a plea in bar.

June 2, 1970 Grove petitioned this court for removal to it of the state equity suit. Removal was claimed pursuant to the basic removal statute, 28 U.S.C. Section 1441. That statute provides as follows:

"§ 1441. *Actions removable generally*

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Grove, with reference to the aforesaid removal statute, alleged that this court would have original jurisdiction of this action by virtue of not only the diversity jurisdiction statute, 28 U.S.C. Section 1332, but also the civil rights statutes 28 U.S.C. Section 1343 and 42 U.S.C. Section 1983, The civil rights suggestion is wholly frivolous, inasmuch as the action sought to be removed is one brought by the Attorney General who is not seeking to vindicate any civil rights claim of any kind. But it is appropriate to consider whether the state proceeding is that sort of "civil action" which is covered by the diversity

jurisdiction statute and is that sort of "civil action" which is covered by the removal statute.

■ Federal and not state law determines whether the state court action is a "civil action" within the meaning of the diversity jurisdiction statute, see Milwaukee County v. M. E. White Co., 296 U.S. 268, 271, 56 S.Ct. 229, 80 L.Ed. 220; and also whether it is a "civil action" within the meaning of the removal statute, Commissioners of Road Improvement District v. St. Louis S. W. Ry. Co., 257 U.S. 547, 557–558, 42 S.Ct. 250, 66 L.Ed. 364.

■ In determining whether a state proceeding is, for removal or for diversity purposes, a civil action or a criminal proceeding the form of the state action is not controlling. State actions which are civil in form may not have that civil nature required by the diversity and removal statutes. Iowa v. Chicago, B & Q. R. Co., 37 F. 497 (C.C.S.D.Iowa); Moloney v. Am. Tob. Co., 72 F. 801 (C.C. N.D.Ill.); State ex rel. Warren v. F. W. Woolworth Co., 30 F.Supp. 410 (W.D. Mo.); City of Montgomery, Ala. v. Postal Teleg.-Cable Co., 218 F. 471 (M.D. Ala.).

■ It is, therefore, necessary to analyze from a federal jurisdictional viewpoint the essential nature of a proceeding under Mass.G.L. c. 272 Section 28C. Such a proceeding may be initiated only by the Attorney General or a district attorney. A declaration may not be sought by a publisher or bookseller, for example. So far as appears, the only form in which a court may enter judgment is to declare that a book is obscene, Attorney General v. Book Named "God's Little Acre," 326 Mass. 281, 285, 93 N.E.2d 819, or is not obscene, Attorney General v. Book Named "Naked Lunch," 351 Mass. 298, 300, 218 N.E.2d 571. The book is not libeled or subjected to the risk of forfeiture. The court may not make a declaration governing obligations, duties, rights, titles, and interests cognizable under the non-criminal, that is, civil law. All that follows upon the commencement of proceedings under, or upon an adjudication of proceedings pursuant to, Mass. G.L. c. 272 Section 28C is that there come into play certain presumptions which are operative exclusively in criminal proceedings brought under Mass. G.L. c. 272 Section 28B. See the interpretation placed by Attorney General v. Book Named "Forever Amber," 323 Mass. 302, 305, 81 N.E.2d 663 upon Mass. G.L. c. 272 Section 28G and Section 28H. See also 59 Harv.L.Rev. 813.

Inasmuch as a proceeding under Mass. G.L. c. 272 Section 28C is merely ancillary to a criminal prosecution, and serves only to aid in the enforcement of criminal law, such a proceeding does not come within the term "civil action" as used either in the diversity jurisdiction statute 28 U.S.C. Section 1332 or the removal statute 28 U.S.C. Section 1441.

In the words of 28 U.S.C. Section 1447(c), this case "was removed improvidently and without jurisdiction."

The case is remanded to the Superior Court of the Commonwealth of Massachusetts for Suffolk County.