**Maureen O'Connor SMITH, Guardian of the Person and Estate of Dwight C. Smith, also known as D. C. Smith, and the United States of America, Plaintiffs,**

v.

**ST. LUKE'S HOSPITAL, a corporation, Kumar Kelker, M.D.; C. L. Vogele, M.D.; Kennon E. Broadhurst, M.D.; and Chung Shien Yu, M.D., Defendants.**

**Civ. No. 79–1031.**

United States District Court, D. South Dakota, N. D.

Sept. 24, 1979.

R. P. Murley, Asst. U. S. Atty., Sioux Falls, S.D., for the U. S.

Joe L. Maynes, Maynes, Tonner, Maynes & Tobin, Aberdeen, S.D., for Maureen O'Connor Smith; Mark D. Ravreby, M.D., West Des Moines, Iowa, of counsel.

Joseph H. Barnett, Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, S.D., Deming Smith, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendants.

Chester A. Groseclose, Jr., Richardson, Groseclose, Kornmann & Wyly, Aberdeen, S.D., for defendant Chung Shien Yu, M.D.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### FACTUAL BACKGROUND

This action was originally brought in the Circuit Court for the Fifth Judicial Circuit, Brown County, South Dakota, by Maureen O'Connor Smith, as Guardian of the Person and Estate of Dwight C. Smith. Mrs. Smith sought recovery for injuries to Mr. Smith, which were alleged to have been caused by negligence of defendants St. Luke's Hospital, Dr. Kumar Kelkar, Dr. C. L. Vogele, Dr. Kennon Broadhurst and Dr. Chung Shien Yu. The United States intervened in the state court action because the Veterans' Administration had provided medical care for Mr. Smith for injuries allegedly resulting from defendants' negligence. *See* 38 U.S.C. § 610; 42 U.S.C. § 2651. After intervening, the United States removed the case to this court. Defendants have moved for an order remanding the case to the state court. The motion will be granted on the grounds that this case was removed improvidently and without jurisdiction in this court.

The United States removed this case under 28 U.S.C. § 1441(c). That subsection applies where a removable claim or cause of action is joined with a non-removable claim or cause of action, and allows the court to remand those claims not within the original jurisdiction of the federal court, or to retain the whole case. The Government contends that the separate claim could properly have been brought originally in this court, because 28 U.S.C. § 1345 gives United States District Courts original jurisdiction over actions brought by the United States. Thus, the Government contends, this case fits within the words of 28 U.S.C. § 1441(c).

Defendants argue, on the other hand, that the statute does not apply to this situation. If the claims are separate,[1] defendants argue that only defendants can remove a case under 28 U.S.C. § 1441, and that the United States is properly denominated a plaintiff in this action. Defendants also argue that a claim based on intervention can never be the basis for removal, but that removal must be based on claims originally joined by the original plaintiff.

### ISSUES

The issues to be determined are as follows:

(1). May the United States, as a plaintiff, remove under 28 U.S.C. § 1441?

(2). May the United States, as an intervenor, remove under 28 U.S.C. § 1441?

### DECISION

I.  Removal By a Plaintiff.

Since 28 U.S.C. subsection 1441(c) does not, like subsections 1441(a) and (b), explicitly state that only a "defendant" may remove under it, the Government argues that any party may make use of this statute. For several reasons, we cannot agree.

First, the right to remove is purely statutory, and is to be strictly construed in an effort to promote "the rightful independence of state governments, . . . [and] requires that [the federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined". *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *quoting Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). In promoting this policy, the Supreme Court of the United States has re-

---

1. The Government seeks recovery under 42 U.S.C. § 2651, which allows the United States to recover funds expended in cases of this type. This statute has been consistently construed to give the Government a separate claim from that of the injured party, *see United States v. Moore*, 469 F.2d 788 (3d Cir. 1972); *United States v. Gera*, 409 F.2d 117 (3d Cir. 1969); *United States v. York*, 398 F.2d 582 (6th Cir. 1968); *United States v. Merrigan*, 389 F.2d 21 (3d Cir. 1968); *United States v. Ft. Benning Rifle and Pistol Club*, 387 F.2d 884 (5th Cir. 1967); *Govt. Employees Ins. Co. v. United States*, 376 F.2d 836 (4th Cir. 1967). The Government thus had the right to sue in federal court. The question in this case, however, is whether, after having chosen to intervene instead of suing in federal court, the Government can now change its mind and remove.

solved doubts in construction of removal statutes against removal, and has refused to expand removal jurisdiction when such expansion could be avoided. *Shamrock Oil Corp., supra.*

■ Second, the history of general removal statutes indicates that Congress has only rarely given plaintiffs the right to remove, and has specifically spelled out that right on those occasions. From 1875 to 1887, 18 Stat. 470, the statute governing removal, specifically gave either party the right to remove. From 1867 to 1948, either party was permitted to remove on grounds of prejudice and local influence, 14 Stat. 558. *See Shamrock Oil Corp., supra; 1A (Part 1) Moore's Federal Practice* 114–115 (1979). 28 U.S.C. § 1441(c) contains no such specific authorization allowing a plaintiff to remove. In light of this history, the court believes that if Congress had intended to give plaintiffs a right to remove under the general removal statute, it would have so stated. *Southland Corp. v. Estridge,* 456 F.Supp. 1296 (C.D.Calif.1978).

■ Finally, we doubt that a plaintiff, who has invoked the jurisdiction of the state court and submitted himself to it, should be allowed to remove in absence of a specific Congressional authorization. After a plaintiff has decided to bring his action in state court, he is not in a position to complain that the action was not brought in federal court. In restricting removal to defendants, the purpose of 28 U.S.C. § 1441 is to restrict the right of removal to those who had no choice in selection of a forum. *Southland Corp. v. Estridge, supra; Victorias Milling Co. v. Hugo Neu Corp.,* 196 F.Supp. 64, 68 (S.D.N.Y.1961). A plaintiff is not such a party. This is also true with the government in this case. It is a plaintiff by intervention in the state court action. The claim could, however, have been pursued alone in the federal court without intervention in the state court action. *See* cases cited at footnote one, *supra.* The Government chose not to pursue its separate claim in federal court. After having made such a voluntary choice, no party will be heard to complain of that choice where

Congress has not specifically authorized the complaint. For these reasons alone, the case must be remanded.

## II. Intervention as a Basis for Removal.

■ We are also of the opinion that intervention by a party with a cause of action cognizable in federal court cannot serve as a basis for removal. *See 1A (Part 1) Moore's Federal Practice* 421–24 (1979). Aside from the considerations discussed above concerning the position of a plaintiff seeking removal, there are independent reasons why a person not an original party to the suit, particularly an intervenor, should not be allowed to create federal jurisdiction. *Lauf v. Nelson,* 246 F.Supp. 307 (D.Mont. 1965); *Willingham v. Creswell-Keith, Inc.,* 160 F.Supp. 741 (W.D.Ark.1958).

■ The case against allowing an intervenor to remove is particularly strong where the intervenor's claim is a separate cause of action upon which the intervenor could bring his own action in federal court. Aside from considerations of judicial economy, which cannot in any event confer subject matter jurisdiction, *Gamble v. Cent. of Georgia R.W. Co.,* 486 F.2d 781, 783 (5th Cir. 1973), there is little reason for such an intervenor to bring someone else's lawsuit into federal court with him. Given this fact, and the policy of strict limitations on removal jurisdiction adopted in *Shamrock Oil Corp., supra,* we do not believe that an enlargement of such jurisdiction is appropriate. Although the Government may have had a right to start its own lawsuit in federal court, it has no right to bring another with it. *See Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008 (M.D.Ala.1977).

■ Finally, we note that by adopting 28 U.S.C. § 1441(c), the Congress intended to contract, rather than expand, removal jurisdiction. *Shamrock Oil Corp., supra.* A holding that an intervenor-plaintiff can remove would be an unwarranted expansion of jurisdiction by use of a statute, the purpose of which is the exact opposite.

The Motion to Remand this case to state court is granted on the grounds that the

case was removed improvidently and without jurisdiction in this court.