The STATE OF GEORGIA ex rel. Lewis R. SLATON and James L. Webb, Plaintiff,

v.

FLECK & ASSOCIATES, INC., Charles R. Fleck, Ronald C. Hayes, Eddie S. Sigsbey and Michael Clutter, Defendants.

Civ. A. No. C85–2374A.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 21, 1985.

Charles S. Hunter, Atlanta, Ga., for plaintiff.

Brian Spears, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff, the State of Georgia, brings this action seeking to abate a public nuisance under Georgia's Nuisance Statute, Ga.Off'l Code Ann. § 41-1-1 *et seq.*[1] Specifically, the State seeks an Order enjoining the activity taking place at Club Atlanta, located at 76 4th Street, Atlanta, Georgia, and authorizing the State to close and padlock Club Atlanta for one year. According to the State, Club Atlanta is "used predominately as a meeting place for males and

... continuing and frequent incidents of lewdness, oral and anal sodomy, and sexual contact between various male patrons occurs on a repeated basis in the premises." The activity at Club Atlanta, asserts the State, violates the criminal laws, tends greatly to corrupt the manners and morals of the public, and is manifestly injurious to the public health by increasing the risk of spreading contagious and infectious diseases, in particular Acquired Immune Deficiency Syndrome ("AIDS").

This action was initiated in the Superior Court of Fulton County, Georgia, on February 7, 1985. It was subsequently removed to this court on the basis of diversity of citizenship on April 3, 1985. The issue presently before the court is whether this action is a removable "civil action" for purposes of the applicable federal removal statute, 28 U.S.C. § 1441.[2]

Under the general removal statute,[3] "any *civil* action brought in a State court ... may be removed by the defendant or the defendants, to the [appropriate] district court...." 28 U.S.C. § 1441(a) (Emphasis added). By contradistinction, an action which is criminal or quasi-criminal cannot be removed from state court. *See, e.g., Mulligan v. Western Union Telegraph Co.,* 20 F.Supp. 953, 959 (D.N.J.1937).

The burden is on the party seeking to remove a state action to federal court to establish his/her/its right to do so. *Irving Trust Co. v. Century Export & Import,* 464 F.Supp. 1232, 1236 (S.D.N.Y.1979); *Tasner v. U.S. Industries, Inc.,* 379 F.Supp. 803, 809 (N.D.Ill.1974). *See, generally,* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 209-10.

A case should be remanded if there is doubt as to the right of removal.[4] *Croy*

1. *See* Ga.Off'l Code Ann. §§ 41-1-1, 41-1-2, 41-1-3, 41-2-1, 41-2-2, 41-3-1, 41-3-2, and 41-3-7.

2. The court raised this issue in its order of September 11, 1985. Defendants and plaintiff have had the opportunity to brief the issue so it is now ready for disposition.

3. The right to remove a case from a state to a federal court is purely statutory. *See generally,* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 185.

4. This rule comes from the Supreme Court's statement that "'[d]ue regard for the rightful independence of state governments ... requires

v. *Buckeye International, Inc.*, 483 F.Supp. 402, 405 (D.Md.1979); *Smith v. St. Luke's Hospital*, 480 F.Supp. 58, 60–61 (D.S.D.1979); *Irving Trust Co. v. Century Export & Import, supra*, 464 F.Supp. at 1236; *Wilhelm v. United States Department of Air Force*, 418 F.Supp. 162, 165 (S.D.Tex.1976); *Tasner, supra*, 379 F.Supp. at 809; *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245, 248 (E.D.Pa.1971).

■ Federal and not state law controls whether a state proceeding is "civil" in nature for purposes of removal.[5] *See Commissioners of Road Improvement District v. St. Louis & Southwestern Railway Co.*, 257 U.S. 547, 557–58, 42 S.Ct. 250, 254, 66 L.Ed. 364 (1922); *Cowart Iron Works, Inc. v. Phillips Construction Co.*, 507 F.Supp. 740, 744 (S.D.Ga.1981). *See also Grubbs v. General Electric Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972); *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir.1977). *See, generally*, 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157(4.–2), at 67 ("Whether a state proceeding is a civil action, for removal purposes, and has been properly removed involves the construction of the removal statute and hence presents a federal matter, and state decisions are not controlling.").

■ The nature of the right asserted, rather than the form of the proceeding, determines whether an action is of a civil or criminal nature. *See Quinn v. A Book Named "Sixty Erotic Drawings From Juliette"*, 316 F.Supp. 289, 292 (D.Mass.1970). *See, generally*, 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157(4.–2), at 67–68. A suit brought by a state to vindicate its public policy and to recover a penalty for the benefit of the state has been held not to be civil in nature for the purposes of removal. *See State ex rel. Warren v. F.W. Woolworth Co.*, 30 F.Supp. 410, 411 (W.D.Mo.1939) ("a suit by the state ... to recover a penalty for some wrongful act from an individual, to recover that penalty for the state or for disposition by the state to some governmental agency of the state, must be a suit which is not civil in its nature. A suit civil in its nature is an action for private injury looking to a recovery for private benefit."). Similarly, a suit by a state to vindicate its criminal laws by enjoining violations thereof, and suits of a related nature, have been held not be civil in nature for removal purposes. *See Quinn, supra*, 316 F.Supp. at 289. *See, generally*, 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157(4.–2), at 69.

■ Applying these principles to the instant action, the court concludes that this action resembles a criminal proceeding more than it resembles a civil proceeding and is thus nonremovable.[6] It is an action to vindicate public policies of Georgia—namely, public policies against sodomy[7], lewdness, and threats to the public health—which could have been brought

---

that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).
One judge has explained the practical point of this rule as follows:
> If removal jurisdiction is doubtful, a remand spares both the courts and the parties the burden of a litigation that may turn out to have been an exercise in futility, when years later, an appellate court determines that subject matter jurisdiction was lacking *ab initio* .... Further, remanding the doubtful ... case serves the interest of the state in having its own court interpret and apply state law.

*Irving Trust Co. v. Century Export & Import*, 464 F.Supp. 1232, 1236 n. 8 (S.D.N.Y.1979). *See also Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 355, 96 S.Ct. 584, 595, 46 L.Ed.2d 542 (1976) (Rehnquist, J., in dissent recognized that there is "minimal possible harm [from erroneous remand] to the party attempting removal—who will still receive a trial on the merits before a state court which cannot be presumed to be unwilling or unable to afford substantial justice.").

5. Thus, Georgia law does not bind this court, contrary to what defendants maintain.

6. The court does not intend to suggest that *all* actions to abate a public nuisance are necessarily non-civil in nature. Every case must be analyzed on its own facts.

7. *See* Ga.Off'l Code Ann. §§ 16–6–2(a) and 16–6–15.

only by the State; it is not an action to redress a private injury. This action, admittedly prohibitory in nature, is also somewhat penal in nature; the State is in effect seeking to penalize defendants (with a monetary fine as well as forfeiture of Club Atlanta) for permitting violations of the criminal laws and for permitting activity which constitutes a risk to the public health.[8] Further, the prohibitory nature of the action aids in the enforcement of Georgia's criminal laws. Finally, in the event a monetary penalty *is* assessed, the money will become public funds. Considering all these factors together, and resolving all doubts in favor of remand, the court must conclude that this action is quasi-criminal, and thus non-civil.

The court recognizes the authorities cited by defendants weighing in favor of removal, *see, e.g.* 58 Am.Jur.2d *Nuisances,* §§ 142, 145; 66 C.J.S. *Nuisances* § 109, but is not persuaded to rule otherwise.

The court REMANDS this action to the Superior Court of Fulton County. In the words of 28 U.S.C. § 1447(c), this case "was removed improvidently and without jurisdiction."

---

**8.** Defendants argue that this action cannot be deemed penal or criminal because they have not engaged and do not engage in criminal activity. The court concedes that this action is not like a criminal prosecution; this is not determinative of the issue, however. The question before the court is whether this action is "civil." A quasi-criminal action, albeit not strictly criminal, is noncivil and nonremovable.